## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**John Park**                                   \*
**P.O. Box 3551**
**Fairfax, VA 22030**                           \*

**And**                                         \*        Civil Action No. _____

**Philip Park**                                 \*
**P.O. Box 3551**
**Fairfax, VA 22030**                           \*

**And**                                         \*

**After Six Entertainment, Inc.**               \*
**t/a DC Nites**
**11310 Westbrook Mill Lane**                   \*
**Suite 202**
**Fairfax, VA 22030**                           \*

       **Plaintiffs,**                   \*
**v.**
                             \*

**Hyatt Regency Washington**                    \*
**400 New Jersey Avenue, N.W.**
**Washington D.C. 20001**                       \*

                             \*

       **Defendant.**                    \*

## NOTICE OF REMOVAL

Defendant Hyatt Regency Washington ("Hyatt" or "Defendant"), by and through

undersigned counsel and pursuant to 28 U.S.C. § 1441, et seq., removes this matter to the United

States District Court for the District of Columbia.  As grounds therefor, Defendant states as

follows:

      1.      Plaintiffs John Park, Philip Park, and After Six Entertainment, Inc. t/a DC Nites

("Plaintiffs") filed a Complaint, Case No. 05-0009901, in the Superior Court of the District of

Columbia on or about December 20, 2006 and served Defendant by personal service on its

Registered Agent on January 12, 2006.

2.    Plaintiffs' Complaint contains seven counts against Defendant: (I) Breach of

Contract; (II) Tortious Interference with Contract; (III) Negligent Infliction of Emotional

Distress; (IV) Intentional Infliction of Emotional Distress; (V) Violation of the D.C. Human

Rights Act and Federal Law; (VI) Discrimination; and (VII) Punitive Damages. The Complaint

seeks compensatory damages in the amount of $1,500,000.00, plus interest costs, and

compensatory damages in the amount of $3,000,000.00, plus interest, costs and attorneys' fees.

Defendant vigorously opposes Plaintiffs' claims.

3.    Upon information and belief Plaintiffs John Park and Philip Park are residents of

the Commonwealth of Virginia. Plaintiff After Six Entertainment, Inc. t/a DC Nites is

incorporated under the laws of the Commonwealth of Virginia with its principal place of

business in Fairfax, Virginia. Defendant is incorporated under the laws of Delaware with a place

of business in Washington D.C.

4.    This Court has original jurisdiction in this matter under diversity of citizenship, 28

U.S.C. § 1332. The amount in controversy exceeds $75,000, exclusive of interest and costs, and

this action is between citizens of different states.

5.    This action is removable under 28 U.S.C. § 1441(b) as Plaintiff is not a citizen of

the District of Columbia.

6.    A copy of the Complaint, Summons, Initial Order and all pleadings served upon

Defendant in the D.C. Superior Court action is attached hereto as **Exhibit A**, in accordance with

28 U.S.C. § 1446(a).

2

7.    A copy of the Notice of Removal filed with the Superior Court of the District of Columbia is attached hereto as **Exhibit B**.

WHEREFORE, Defendant Hyatt Regency Washington, respectfully requests that this action be, and hereby is, removed from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia.

February 1, 2006                                    Respectfully submitted,

                                    QUAGLIANO & SEEGER, P.C.

                        By: _____
                                    Stephen M. Seeger (DC Bar No. 431258)
                                    Michael Zisa (DC Bar No. 467724)
                                    2620 P Street NW
                                    Washington D.C. 20007
                                    Tel. (202) 822-8838
                                    Fax  (202) 822-6982

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Notice of Removal was mailed, first class postage prepaid, on February 1, 2006, to:

                        Harold B. Brazil, Esq.
                        1828 L Street NW
                        Suite 500
                        Washington D.C. 20036
                        Tel. (202) 429-1727
                        Fax  (202) 429-1728
                        **Counsel for Plaintiffs**

                        Stephen M. Seeger

3

# EXHIBIT A

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

(Civil Division)

John Park
P.O. Box 3551
Fairfax, Virginia 22030

      And

05-0009901

Civil Action No.:

Philip Park
P.O. Box 3551
Fairfax, Virginia 22030

      And

After Six Entertainment, Inc.
T/A DC Nites
11310 Westbrook Mill Lane
Suite 202
Fairfax, VA 22030

RECEIVED
Civil Clerk's Office

DEC

Superior Court of the
District of Columbia
Washington, D.C.

        Plaintiffs,

   v.

Hyatt Regency Washington
400 New Jersey Avenue, N.W.
Washington, D.C. 20001

     SERVE:  United States Corp.
           Company
           1090 Vermont Ave., N.W.
           Washington, D.C. 20005

     Defendant

1

## COMPLAINT FOR NEGLIGENCE
(Breach of Contract, Tortuous Interference With Contract, Negligent Infliction of
Emotional Distress; Human Rights Violations and Discrimination;)

## JURISDICTION

1.      Jurisdiction of this Court is based upon D.C. Code § 11-921 et seq. (1981)
and D.C. Code § 13-422 and § 13-423; the cause of action arose in the District of
Columbia.

2.      The incident which forms the basis of this lawsuit occurred in the District
of Columbia, and defendant is authorized to do business within the District of Columbia;
thus, venue is appropriate in this court.

## PARTIES

3.      Plaintiffs John and Phillip Parks are adult residents of the state of Virginia.
After Six Entertainment, Inc., is a Virginia corporation.

4.      Defendant Hyatt Regency of Washington on Capitol Hill (hereafter, Hyatt)
is a business entity that is authorized by the District of Columbia to operate, and does
operate, a hotel in the District of Columbia.

5.      On or about December 12, 2004, the parties entered into an agreement
whereby the defendant authorized plaintiffs to use its hotel facilities located at 400 New
Jersey Avenue, N.E., Washington, D.C. 20001, for a New Years Eve party, for a fee.

## FACTS

6.      Defendant was aware that plaintiffs intended to use the Hyatt Hotel on
Capitol Hill to hold a New Years Eve party and that plaintiffs were charging attendees a
fee for their attendance at the party and charging for food and alcoholic drinks.

7.      The parties signed the initial contract. The parties had a walk through but
defendant unilaterally changed the understandings arrived at during the walk through.

2

8.      Defendant unilaterally raised the price of the premium drinks at plaintiffs' event but charged less for the drinks sold by the Hyatt (versus the drinks that were sold on behalf of plaintiffs). This created an incentive for the attendees at plaintiffs' event to buy drinks from the Hyatt rather that buy them at the plaintiffs' event. This diminished the ability of the plaintiffs to earn a profit from the event.

9.      As a result, plaintiffs lost revenue due to defendant's intentional efforts to undermine plaintiff's event.

10.     Defendant provided a smaller room for the buffet dinner than represented to the plaintiffs; defendant failed to provide a sufficient amount of food as contracted and thus ran out of food before serving the attendees.

11.     Defendant failed to place wine on the attendee's tables at the buffet as agreed upon.

12.     Defendant unilaterally shortened the time of the buffet from 8:30 p.m. to 10:30 p.m. to 9:30 p.m.

13.     Plaintiffs booked 400 rooms for their attendees, so that they could stay at the Hyatt as part of their experience at plaintiff's event. Defendant locked the attendees out of their rooms at 12:00 midnight for most of the night (early morning hours).

14.     The event put on by plaintiffs was attended overwhelmingly by persons of Asian decent

15.     Defendant provided inadequate security at the hotel in support of the plaintiffs' New Year's Eve event. Plaintiffs contracted for ten security personnel to support their event, but the security performed services for the hotel and not directly for the event.

3

16.    Plaintiffs John and Philip are of Korean decent.

17.    Defendant's employees were rude and condescending to plaintiffs.

18.    Plaintiff's incurred costs for advertising, deposits, hotel charges and other costs based on their understanding that defendant would adhere to its obligations under the contract, which it did not.

## Count I
### (Breach of Contract)

19.    Plaintiffs hereby incorporate by reference paragraphs 1 – 18 herein, and further allege that as follows:

20.    Defendant breached the contract with the plaintiffs through their failure to provide the amount, quantity and quality of goods and services it agreed to provide under the terms of the contract and as agreed to pursuant to the understandings arrived at during the walk through and subsequent negotiations between the parties.

21.    Defendant also failed to provide adequate security services pursuant to the agreement with plaintiffs.

22.    As a direct and proximate result of defendant's breach of contract, plaintiffs sustained pecuniary loss, loss of reputation and in embarrassment, loss of value of their business' good will, diminished earning potential and other losses; and they suffered emotional distress.

**WHEREFORE**, plaintiffs demand judgment against the defendant in the full and just amount of Five Hundred Thousand Dollars ($500,000.00), plus interest and costs and attorney's fees.

4

## Count II

### (Tortuous Interference With Contract)

23.     Plaintiffs hereby incorporate by reference paragraphs 1 – 22 herein, and further allege that as follows:

24.     At the time of contracting with plaintiff's and at all relevant times herein, defendant knew, or should have known, of the existence of the contracts between plaintiffs and the attendees of the New Years Eve event hosted by plaintiffs under the name of D.C. Nights.

25.     At all relevant times herein, defendant knew, or should have known, of the nature of the plaintiffs contracts with attendees, i.e. they would pay a fee for entrance into the event and receive food and entertainment.

26.     Defendant intentionally procured, induced or otherwise caused plaintiff's to breach such contracts ( or diminished their value) by failing to abide by the terms of the contract between defendant and plaintiffs including, but not limited to: defendant's failure to provide adequate amounts of food and drink at the contracted prices; failure to provide adequate security; failure to provide a sufficiently large room for the buffet; failure to use knowledgeable, courteous  staff; failure to provide the buffet dinner at the agreed upon times; failure to provide rooms and access to rooms by plaintiffs and attendees.

27.     Defendant also intentionally raised the price of the drinks that it was charging the attendees at plaintiff's event while at the same time charging hotel guests, including attendees at plaintiff's event, substantially lower drink prices. These encouraged plaintiffs' attendees to buy drinks directly from the hotel and it, thereby, undercut the sales of drinks at plaintiff's event.

28.    As a direct and proximate result of defendant's breach of contract, plaintiffs sustained pecuniary loss, loss of profits, loss of reputation and in embarrassment, loss of value of their business' good will, diminished earning potential (for D.C. Nites and, therefore, the plaintiffs to hold similar and other entertainment events); and other losses; and plaintiffs suffered substantial emotional distress.

**WHEREFORE,** plaintiffs demand judgment against the defendant in the full and just amount of Five Hundred Thousand Dollars ($500,000.00), plus interest and costs.

### COUNT III
(Negligent Infliction of Emotional Distress)

29.    Plaintiffs hereby incorporate by reference paragraphs 1 – 28 herein, and further alleges as follows:

30.    Plaintiffs suffered severe emotional distress including embarrassment and ridicule as a direct and proximate result of defendant's breach of contract and brutal and condescending treatment of plaintiff's and their guests.

31.    Defendant knew, or should have known, that their conduct involved an unreasonable risk of emotional and psychological harm to plaintiffs.

32.    Plaintiffs' emotional distress was serious and was foreseeable.

**WHEREFORE,** plaintiffs demand judgment against the defendant in the full and just amount of Five Hundred Thousand Dollars ($500,000.00), plus interest and costs.

### COUNT IV
(Intentional Infliction of Emotional Distress)

6

33.    Plaintiffs hereby incorporate by reference paragraphs 1 – 32 herein, and further alleges as follows:

34.    Plaintiffs suffered severe emotional distress including embarrassment and ridicule as a direct and proximate result of defendant's breach of contract; brutal and condescending treatment of plaintiff's and their guests; and, tortuous interference of contract..

35.    Defendant knew that their conduct involved an unreasonable risk of emotional and psychological harm to plaintiffs.

36.    Plaintiffs' emotional distress was serious and was foreseeable.

**WHEREFORE**, plaintiffs demand judgment against the defendant in the full and just amount of one million Dollars ($1,000,000.00), plus interest and costs.


### Count V
(Violation of the D.C. Human Rights Act and Federal Law)

37.    Plaintiffs hereby incorporate by reference paragraphs 1 – 36 herein, and further alleges as follows:

38.    Defendant unlawfully discriminated against plaintiffs based on their national origin and in doing so denied them and their guests (attendees) equal treatment and enjoyment of its hotel facilities, including its banquet facilities and hotel rooms.

39.    Plaintiffs and virtually all of the attendees belong to a protected class, based on national origin.

40.    Plaintiffs have a right to make (and enforce) contracts.

41.     Plaintiffs and the attendees had a right to have access to public accommodations, including defendant's hotel rooms, from which they were constructively evicted from by defendant based on discrimination.

42.     It was unlawful for defendant to deny to plaintiffs' and the attendees, based on race and national origin, their right to the full enjoyment of the Hyatt facilities, its goods and services, privileges, advantages and accommodations.

43.     Defendant's conduct violated The D.C. Human Rights Act of 1977, D.C. Official Code Section 2-1401.01, et seq., 42 U.S.C. Section 1981, and other District of Columbia and federal laws.

WHEREFORE, plaintiffs demand judgment against the defendant in the full and just amount of One Million Dollars ($1,000,000.00), plus interest and costs.


## Count VI
### (Discrimination)

44.     Plaintiffs hereby incorporate by reference paragraphs 1 – 43 herein, and further alleges as follows:

45.     Defendant acted with evil motive, actual malice or in willful disregard for the rights of plaintiffs and the attendees.

46.     Defendant's conduct itself was outrageous.

WHEREFORE, plaintiffs demand judgment against the defendant in the full and just amount of One Million Dollars ($1,000,000.00), plus interest and costs.

8

### Count VII

(Punitive Damages)

47.    Plaintiffs hereby incorporate by reference paragraphs 1 – 46 herein, and further allege as follows:

48.    Defendant acted with evil motive, actual malice, or in willful disregard for plaintiffs' rights.

49.    Defendant's conduct was outrageous.

50.    Defendant has the ability to pay a punitive damage award.

**WHEREFORE**, plaintiffs demand judgment against the defendant in the full and just amount of One Million Dollars ($3,000,000.00), plus interest, costs and attorney's fees.

Harold E. Brazil, Esq.    #190124
1828 L Street, N.W.
Suite 500
Washington, D.C. 20036
(202) 429-1727; Fax (202) 429-1728
brazillaw@msn.com

### JURY DEMAND

Plaintiffs request a trial by jury as to all issues alleged herein.

Harold Brazil

9



Hyatt Regency Washington
On Capitol Hill
400 New Jersey Avenue, N.W.
Washington, DC 20001
Phone 202-737-1234
Fax 202-393-7927

November 11, 2004

## CATERING CONTRACT

ALL RESERVATIONS AND AGREEMENTS are made upon, and are subject to, the rules and regulations of the Hotel and the following conditions

Your private function has been booked on a first option tentative basis

GROUP NAME.        AM VISION/DC NITES
FUNCTION NAME      NEW YEARS EVE PARTY
CONTACT NAME       JOHN PARK
ADDRESS            25869 PINEBLUFF ROAD
                   SOUTH RIDING, VA  20152
PHONE NUMBER       (703) 668-2190 CELL# (703) 725-1129
FAX NUMBER
EMAIL ADDRESS·     park_john72@yahoo.com

| Day | Date | Function | Time | Set Up | # of guests | Room Rental |
|-----|------|----------|------|--------|-------------|-------------|
| Friday | 12/31/2004 | NEW YEARS EVE GALA | 08 30 AM – 02:00 AM | RECEPTION | 800 | $ 0 |
| Friday | 12/31/2004 | NEW YEARS EVE GALA | 08 30 PM - 02 00 AM | RECEPTION | 800 | $ 0 |

### DEFINITE BOOKING
Once you sign and return this letter, along with the required deposit of $10,000 00 your reservation will be confirmed and considered a definite booking  This signed contract and deposit of $10,000 00 are due on 11/17/2004

### MINIMUM REVENUE COMMITMENT
Based on the approximate number of guests set forth above, a minimum of $40,000 00 in combined banquet food & beverage will be spent at your function  This minimum does not include guestroom charges, service charges, tax, labor charges, audiovisual, or any other miscellaneous charges incurred  Should your final count drop below the approximate number of guests listed above, we will be happy to advise you on additional alternatives in food and beverage which will bring you back up to the agreed upon minimum revenue figures for your function

### CANCELLATION POLICY
Either the Hotel or Group may cancel this contract without cause at any time prior to the event by paying to the other party liquidated damages (agreed not to constitute a penalty)  based on the following scale

| | |
|---|---|
| Less than six(6) months to one(1) month  from arrival date | $24,000 00 |
| Less than one(1) month up to arrival date | $30,000 00 |

Cancellations made under this provision shall be made by the canceling party to the non-canceling party by written notice and payment of the liquidated damages due at that time

## RIGHTS OF TERMINATION FOR CAUSE

Except as otherwise provided in this Agreement, neither party shall have the right to terminate their obligations under this Agreement. Either party may terminate this Agreement for any one or more of such reasons upon written notice to the other party within five (5) days of such occurrence or receipt of notice of any of the following occurrences. This Agreement is, however, subject to termination for cause without liability to the terminating party, under any of the following conditions

The parties' performance under this Agreement is subject to acts of God, war, government regulation, terrorism, disaster, strikes, civil disorder, curtailment of transportation facilities, or any other emergency of a comparable nature beyond the parties' control, making it impossible, illegal or which materially affects a party's ability to perform its obligations under this Agreement

## GUARANTEE COUNTS

In arranging for private functions, the final attendance must be received by the Catering Office no later than 11:00 a.m. three (3) working days prior to the commencement of the function. This number will be considered a guarantee, not subject to reduction, and charges will be made accordingly. Please provide the guarantees on the following days*:

| Day of Function: | Guarantee due on the preceding: |
|---|---|
| Friday | Tuesday |

*National Holidays are not considered working days and should be taken into consideration when submitting guarantees

The Hotel will be prepared to serve 3% more than the guaranteed number of attendees and cannot be responsible for service to more than 3 % over the guarantee for groups of up to 1,000 persons. For groups of more than 1,000 persons, a maximum of 30 person overset will apply. If the guarantee is raised within the 72 hours, the 3% over set will not apply, and the guarantee then becomes the set

_This does not apply to this — discussed with manager._

## TAXES

All federal and local taxes / charges which may be imposed or be applicable to this agreement and to the service rendered by the Hotel are in addition to the prices herein agreed upon, and the Customer agrees to pay them

## FOOD AND BEVERAGE

No food and beverage of any kind may be brought into the Hotel by the Customer or any of the Customer's guests or invitees.

Hyatt offers the following types of alcohol beverage service:

_____ By the person by the Hour:  Price for alcoholic beverages is charged by the per person for the contracted time.

_____ Consumption Bar:  The price is based on a per drink charge. The number of drinks per bottle is calculated as follows  27/1 25 oz. Drinks for each liter bottle, 5 Drinks for each wine bottle, and 17/1 5 oz. Drinks for each 750 milliliter cordial bottle

_____ No Alcohol service will be required

**** Please check the desired type of alcohol beverage service required*****

### BEVERAGE AGREEMENT
(8 30 PM –2 00 AM)
Cash Bar Package
$30,000 00 Beverage Revenue Minimum & $10,000.00 Food Revenue Minimum are Required
(3) Bartenders Required @ $210 00 Flat Fee per Bartender

*(1 bartender suggested for every 100 persons)*
*(7) Cashiers Required @ $155.00 Flat Fee per Cashier*
*(1 cashier suggested for every 150 persons)*
*Please Note: There will be a $5.00 fee per Person for a Champagne Toast, if the Client*
*Should Request this Service. This Fee does Not Include 20% Service Charge & 10% Tax*
*All Cash Bar Ticket Sales are Final & Will Not Be Refunded Under Any Circumstance*
*In Order to Minimize Intoxication, No More Than (2) Drinks Will Be Given to Any Individual*
*at One Time During the Course of the Evening*
*Please Note: Last Call Will Be Given at 1.30PM & All Bars Will Be Closed AT 2.00PM*
*Client is Responsible for Providing Wrist Bands to Distribute to*
*Only Those Individuals Who are Age 21 Years & Older*

**CONTINGENCY**
Performance of the agreement is contingent upon the ability of the Hotel to complete same and is subject to labor, disputes, strikes or picketing, accidents, government (federal, state local) requisitions, restrictions upon travel, transportation, food, beverage or supplies and other causes, whether enumerated herein or not, which are beyond the control of the Hotel. In no event shall the Hotel be liable for the loss of profit or other similar or dissimilar collateral of consequential damages, whether based on breach of contract, warranty or otherwise. In no event shall the Hotel's liability be in excess of the total amount of the food and beverages contracted heretofore.

**PAYMENT**
Payment will be made **in full** by credit card or certified check. The estimated charges for this event will be placed on either this credit card or certified check **no less than ten (10) business days prior to arrival.** Payments made by credit card require a photocopy of both the front and back of the credit card in order to be processed. If client should wish to set up a payment schedule, on a weekly or monthly basis, this must be communicated to the catering sales manager, which is handling the group. Hotel will be responsible to refund the client in full, within (10) business days, after the minimum revenue is achieved.

**SERVICE CHARGE**
A 20% Service Charge and applicable taxes shall be added to all food and beverage

**LIABILITY**
The Customer agrees to be responsible for any damage done to the function rooms or any other part of the Hotel by the Customer, his guest, invitees, employees, independent contractors or other agents under the Customer's control. The Hotel will not assume or accept any responsibility for damage to or loss of any merchandise or articles left in the hotel prior to, during or following the Customer's function

**PERMITS/LICENSES**
In the event that the Customer's function requires a permit or license from any governing body, local, state or federal, the Customer is solely responsible for obtaining such license or permit at Customer's expense

**EVENT ROOM**
The Hotel reserves the right to assign another room for the Customer's functions in the event the room originally designated for such function shall be unavailable or inappropriate, in the Hotel's sole opinion

**AGREEMENT**
The agreement shall be considered accepted once both parties have signed below. It is our understanding that you are empowered by your organization to make these arrangements. A signature delivered by facsimile or electronic means will be considered binding for both parties

**CONCESSIONS:**
*Newly Renovated Sleeping Rooms will be offered at a reduced rate of $99.00(+ tax) per*
*night for individuals*
*(2) Complimentary Suites will be given on the evening of the event*

*(1) Complimentary amenity will be sent up to each of the suites on the night of the event.
*Reduced Rate of Nightly Parking will be offered at $14.00 per car on the evening of the event (this does not include overnight parking, which will remain at $30.00 per car)
*Client will be permitted to sell tickets, on the night of the event, to individuals who have not previously purchased a ticket. The hotel will provide a separate room for these sales.
*A limited supply of sodas, waters & juices will be offered complimentary to no more than (10) designated drivers on the evening of the event in a separate banquet room
*All banquet room rental fees will be waived in full with the minimum revenue requirement of $40,000.00 in food & beverage
*Hyatt Regency Hotel will provide complimentary staging, dance floor, house linens & votive candles free of charge

**OTHER ADDITIONAL REQUIREMENTS:**

**SECURITY**

*Hyatt Regency Washington requires (1) security guard for every 100 persons on the evening of the event. The rate is $35.00 per guard, per hour (with a 4 hour minimum)
*Clients are permitted to bring in own guards, however, they must be from an official agency, must be licensed & bonded & are NOT permitted to carry guns of any sort.
* If outside security guards are to be brought in, they MUST meet with the Hyatt Regency Hotel Security Director, prior to the day of the event
*Client will be required to provide the hotel with the company's name, contact person & phone number, if outside security is to be brought in.

**AUDIO VISUAL/POWER**

*There will be a $200.00 flat fee for a required Hyatt Regency A/V technician to be on-site throughout the course of the night
*Client must provide the hotel w/ all information regarding electrical requirements, staging, power, music specifications & audio visual needs no less than (10) days prior to event

**PROVISIONS:**

*Hotel is NOT responsible for party favors.
*Smoking is permitted only in lobby or outside the hotel.

Date _____    Signature: _____
                                              LISA SLOTKIN
                                              ( HYATT REGENCY WASHINGTON
                                              ON CAPITOL HILL )

Date: _____    Signature: _____
                                              JOHN PARK, PHILIP PARK
                                              ( AMVISION/DC NITES )

LAW OFFICES OF
HAROLD BRAZIL & ASSOCIATES, P

1015 18ᵗʰ STREET, N.W. SUITE 801
WASHINGTON, D.C. 20036

**CERTIFIED MAIL**

7005 1160 0002 9271 1679

US Coroporation Company
1090 Vermont Avenue, N.W.
Washington, D.C. 20005




U.S. POSTAGE
PAID
WASHINGTON, DC
20035,
JAN 11, '06
AMOUNT

$4.73
0000890106-09

20005

# EXHIBIT  B

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **John Park** | * | |
| P.O. Box 3551 | | |
| Fairfax, VA 22030 | * | |
| | | |
| **And** | * | **Case No. 05-0009901** |
| | | |
| **Philip Park** | * | **Judge Russell F. Canan** |
| P.O. Box 3551 | | |
| Fairfax, VA 22030 | * | **Next Event: April 14, 2006** |
| | | **@ 9:30am** |
| **And** | * | **Scheduling** |
| | | **Conference** |
| **After Six Entertainment, Inc.** | * | |
| t/a DC Nites | | |
| 11310 Westbrook Mill Lane | * | |
| Suite 202 | | |
| Fairfax, VA 22030 | * | |
| | | |
| **Plaintiffs,** | * | |
| v. | | |
| | * | |
| **Hyatt Regency Washington** | | |
| 400 New Jersey Avenue, N.W. | * | |
| Washington D.C. 20001 | | |
| | * | |
| | | |
| **Defendant.** | * | |

## NOTICE OF REMOVAL

Please take notice that Defendant Hyatt Regency Washington, by and through undersigned counsel, files this notice of removal pursuant to 28 U.S.C. § 1446(d) that Defendant has removed this matter, Case No. 05-0009901, to the United States District Court for the District of Columbia in accordance with 28 U.S.C. § 1441, et seq. A copy of the Notice of Removal filed with the U.S. District Court is attached hereto as **Exhibit A**, along with Defendant's Partial Answer and Motion to Dismiss Plaintiffs' Complaint, which is attached hereto as **Exhibit B**.

February 1, 2006                    Respectfully submitted,

                                    QUAGLIANO & SEEGER, P.C.

                           By: _____
                                    Stephen M. Seeger (DC Bar No. 431258)
                                    Michael Zisa (DC Bar No. 467724)
                                    2620 P Street NW
                                    Washington D.C. 20007
                                    Tel. (202) 822-8838
                                    Fax  (202) 822-6982


                    **CERTIFICATE OF SERVICE**

     I hereby certify that a true copy of the foregoing Notice of Removal was mailed,

first class postage prepaid, on February 1, 2006, to:


                    Harold B. Brazil, Esq.
                    1828 L Street NW
                    Suite 500
                    Washington D.C. 20036
                    Tel. (202) 429-1727
                    Fax  (202) 429-1728
                    **Counsel for Plaintiffs**


                    _____
                    Stephen M. Seeger