IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN PARK<br>P.O. Box 3551<br>Fairfax, VA 22030 | * | |
| | * | |
| And | * | Civil Action No. _____ |
| | * | |
| PHILIP PARK<br>P.O. Box 3551<br>Fairfax, VA 22030 | * | |
| | * | |
| And | * | |
| | * | |
| AFTER SIX ENTERTAINMENT, INC.<br>t/a DC NITES<br>11310 Westbrook Mill Lane<br>Suite 202<br>Fairfax, VA 22030 | * | |
| | * | |
| | * | |
| Plaintiffs, | * | |
| v. | * | |
| HYATT REGENCY WASHINGTON<br>400 New Jersey Avenue, N.W.<br>Washington, D.C. 20001 | * | |
| | * | |
| Defendant. | * | |

**DEFENDANT HYATT REGENCY'S PARTIAL ANSWER
AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant Hyatt Regency Washington ("Hyatt" or "Defendant"), by and through its undersigned attorneys, Quagliano & Seeger, P.C., and pursuant to Federal Rules of Civil Procedure 8(b) and 12(b)(6), for its Answer to Count I and its Motion to Dismiss the Complaint as to Counts II through VII of the Complaint filed by Plaintiffs John Park, Philip Park, and After Six Entertainment, Inc. t/a DC Nites (collectively "Plaintiffs") states upon information and belief as follows:

## **DEFENDANTS' PARTIAL ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant Hyatt, by and through its undersigned attorneys, and pursuant to Federal Rule of Civil Procedure 8(b), and for its answer to Count I – Breach of Contract of Plaintiffs' Complaint, states as follows

1. The allegations of Paragraph 1 of the Complaint state conclusions of law to which no response is required.

2. The allegations of Paragraph 2 of the Complaint state conclusions of law to which no response is required.

3. Defendant is without knowledge or information sufficient to form a belief to the truth of the allegations of Paragraph 3 of the Complaint and, therefore, denies the same and demands strict proof thereof.

4. Admitted.

5. Defendant is without knowledge or information sufficient to form a belief to the truth of the allegations of Paragraph 5 of the Complaint and, therefore, denies the same and demands strict proof thereof.

6. Defendant is without knowledge or information sufficient to form a belief to the truth of the allegations of Paragraph 6 of the Complaint and, therefore, denies the same and demands strict proof thereof.

7. Defendant is without knowledge or information sufficient to form a belief to the truth of the allegations of Paragraph 7 of the Complaint and, therefore, denies the same and demands strict proof thereof.

8. Defendant denies this allegation and demands strict proof thereof.

9. Defendant is without knowledge or information sufficient to form a belief to the truth of the allegations of Paragraph 9 of the Complaint and, therefore, denies the same and demands strict proof thereof.

10. Defendant denies this allegation and demands strict proof thereof.

11. Defendant denies this allegation and demands strict proof thereof.

12. Defendant denies this allegation and demands strict proof thereof.

13. In regards to the allegation alleged in Paragraph 13 of the Complaint, Defendant denies that it locked Plaintiffs' attendees out of their rooms and, as to the remaining allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of said Paragraph.

14. Defendant is without knowledge or information sufficient to form a belief to the truth of the allegations of Paragraph 14 of the Complaint and, therefore, denies the same and demands strict proof thereof.

15. Defendant denies this allegation and demands strict proof thereof.

16. Defendant is without knowledge or information sufficient to form a belief to the truth of the allegations of Paragraph 16 of the Complaint and, therefore, denies the same and demands strict proof thereof.

17. Defendant denies this allegation and demands strict proof thereof.

18. Defendant is without knowledge or information sufficient to form a belief to the truth of the allegations of Paragraph 18 of the Complaint and, therefore, denies the same and demands strict proof thereof.

## COUNT I
(Breach of Contract)

19. Defendant re-alleges its answers to Paragraphs 1-18 as if fully set forth herein.

20. Defendant denies this allegation and demands strict proof thereof.

21. Defendant denies this allegation and demands strict proof thereof.

22. Defendant denies this allegation and demands strict proof thereof.

Wherefore, Defendant Hyatt respectfully requests that Plaintiff's Complaint be dismissed with prejudice and that Defendant Hyatt be awarded its costs and expenses, including reasonable attorneys' fees, in defendant this action and for such other relief that this Honorable Court deems just and proper.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

1. Defendant denies all averments except to the extent expressly admitted.

2. Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

3. Plaintiffs' claims are barred by the doctrine of contributory negligence.

4. Plaintiffs' claims are barred by the doctrine of estoppel.

5. Plaintiffs' claims are barred by the doctrine of payment.

6. Plaintiffs' claims are barred by the doctrine of waiver.

7. Plaintiffs' claims are barred by the doctrine of unclean hands.

8. Defendant reserves the right to assert all defenses, which may be available based upon the facts as they became known through discovery or during any trial of this matter.

## DEFENDANT'S MOTION TO DISMISS
## COUNTS II-VII OF PLAINTIFFS' COMPLAINT

Defendant Hyatt, by and through its undersigned attorneys, and pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves this Honorable Court for entry of an Order dismissing with Prejudice Count II (Tortious Interference with Contract), Count III (Negligent Infliction of Emotional Distress), Count IV (Intentional Infliction of Emotional Distress), Count V (Violation of D.C. Human Rights Act and Federal Law), Count VI (Discrimination), and Count VII (Punitive Damages) of Plaintiffs' Complaint on the ground that the Plaintiffs fail to state a claim upon which relief can be granted as to Counts II, III, IV, V, VI, and VII against the Defendant and in support thereof states as follows:

1. Plaintiffs fail to state a cause a claim of action for which relief may be granted as to Count II (Tortious Interference with Contract), Count III (Negligent Infliction of Emotional Distress), Count IV (Intentional Infliction of Emotional Distress), Count V (Violation of D.C. Human Rights Act and Federal Law), Count VI (Discrimination), and Count VII (Punitive Damages) of Plaintiffs' Complaint.

2. Plaintiffs fail to allege the requisite elements required in asserting a cause of action under Count II (Tortious Interference with Contract), Count III (Negligent Infliction of Emotional Distress), Count IV (Intentional Infliction of Emotional Distress), Count V (Violation of D.C. Human Rights Act and Federal Law), Count VI (Discrimination), and Count VII (Punitive Damages) of Plaintiffs' Complaint.

3. Even if Plaintiffs did allege the requisite elements required for pleading a cause of action under each of its Counts I through VII, Plaintiffs' request for relief under Counts II through VII seek damages in Tort and any damages incurred by Plaintiff are limited to damages in Contract.

4. Defendant reserves the right to submit a Memorandum of Law in support of its Motion to Dismiss and shall do so within five (5) days from the Removal of this action in accordance with Federal Rule of Civil Procedure 81(c).

WHEREFORE, and as is more fully set forth in the Memorandum of Law in Support of Motion to Dismiss, Defendant Hyatt Regency Washington respectfully requests this Honorable Court to dismiss Counts II, III, IV, V, VI, and VII of the Complaint filed by Plaintiffs, John Park, Philip Park and After Six Entertainment, Inc., t/a D.C. Nites, with prejudice, and to grant such other and further relief as justice may require.

DATE: February 1, 2006

Respectfully submitted,

QUAGLIANO & SEEGER, P.C.

By: _____
Stephen M. Seeger (DC Bar No. 431258)
Michael Zisa (DC Bar No. 467724)
2620 P Street NW
Washington D.C. 20007
Tel. (202) 822-8838
Fax (202) 822-6982

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Partial Answer and Motion to Dismiss was mailed, first class postage prepaid, on February 1, 2006, to:

>Harold B. Brazil, Esq.
>1828 L Street NW
>Suite 500
>Washington D.C. 20036
>Tel. (202) 429-1727
>Fax (202) 429-1728
>**Counsel for Plaintiffs**

_____
Michael C. Zisa