UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN PARK, et al. | : |
| Plaintiffs, | : |
| v. | : Case No.: 06-179 (RWR) |
| | : Judge Richard Roberts |
| | : Next Event: Status Conf. |
| HYATT REGENCY WASHINGTON | : 3/30/06 |
| Defendant. | : |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

COMES NOW, Defendant, Hyatt Regency Washington, by and through counsel, Bonner Kiernan Trebach & Crociata, LLP, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and hereby submits its Memorandum of Points and Authorities in support of Defendant's Motion to Dismiss Counts II, III, IV, V, VI and VII of Plaintiff's Complaint. In further support thereof, Defendant states as follows:

**I.    FACTUAL BACKGROUND**

This case arises out of a New Years Eve event which took place at the Hyatt Regency of Washington (hereinafter the "Hyatt") on December 31, 2004. (Complaint, passim.) Plaintiffs contracted to use the Hyatt for their New Years party, which was to include a cash bar and dinner buffet. (Complaint, ¶¶ 5-6.) Plaintiffs were the promoters for the event, meaning they sold tickets to the event and were attempting to profit from the event. (Complaint, ¶ 6.) Plaintiffs allege that Defendant failed to meet the agreed terms of the contract by, inter alia, failing to provide enough food and unilaterally raising the price of drinks. (Complaint, ¶¶ 7-17.)

Plaintiffs have now filed a seven count Complaint alleging breach of contract, tortuous interference with contract, negligent infliction of emotional distress, intentional infliction of emotional distress, violation of the D.C. Human Rights Act and federal law, discrimination, and punitive damages. Defendant has filed its Motion to Dismiss Counts II – VII of Plaintiff's Complaint for failure to state a claim upon which relief may be granted.

## II.    ARGUMENT

### A.    Plaintiffs' Complaint Fails to State a Claim for Tortious Interference with Contract.

Count II of Plaintiffs' Complaint should be dismissed as it fails to state a claim for tortuous interference with contract. To maintain a claim for tortuous interference of contract, Plaintiffs must plead "(1) the existence of a contract; (2) knowledge of the contract; (3) intentional procurement of a breach of the contract; and (4) damages resulting from the breach." *Casco Marina Development, L.L.C. v. District of Columbia Redevelopment Land Agency*, 834 A.2d 77, 83 (D.C. 2003). Here, Plaintiffs' claim for tortuous interference with contract is insufficient because it fails to allege that Plaintiffs were damaged by the breach of contract allegedly procured by Defendant.

Plaintiffs' claim for tortuous interference with contract alleges that Defendant knew of the existence of contracts between Plaintiffs and the attendees of the party, that Defendant caused *Plaintiffs* to breach those contracts, and that as a result of *Defendant's* breach of contract Plaintiffs were damaged. (See Plaintiffs' Complaint, at ¶¶ 24-28.) This claim fails as a matter of law because it does not allege damages resulting from the breach that was allegedly procured by Defendant (i.e. Plaintiffs' breach of contracts with attendees), but instead alleges damages resulting from Defendant's breach of contract. (See Plaintiff's

Complaint, at ¶ 28.) As such, Plaintiff's have simply stated a claim for breach of contract, and the claim for tortuous interference of contract must fail.

Even assuming, *arguendo*, that Plaintiffs are attempting to allege that they were damaged by Defendant's procurement of their own breach of contract, Plaintiffs' claim for tortuous interference of contract would still fail. The District of Columbia Court of Appeals has held that "[o]ne who intentionally and improperly interferes with the performance of a contract . . . between another and a third person by inducing or otherwise causing the third person *not to perform the contract*, is subject to liability to the other for the pecuniary loss resulting to the other from the *failure of the third person to perform* the contract." *Casco Marina Development*, 834 A.2d at 84 (*emphasis in original*). Here, Plaintiffs fail to allege damages resulting from a third party's breach of contract. Instead, Plaintiffs appear to allege that they were damaged by their own breach of contract, which was allegedly procured by Defendant. This is insufficient to state a claim for tortuous interference with contract as a matter of law. Plaintiffs do not allege that Defendant caused the attendees to breach their contract with Plaintiffs, thereby damaging Plaintiffs. Accordingly, Plaintiffs' have failed to state a claim for tortuous interference with contract, and Count II of Plaintiffs' Complaint should be dismissed.

    **B.**     **Plaintiffs' Complaint Fails to State a Claim for <u>Negligent Infliction of Emotional Distress.</u>**

Count III of Plaintiff's Complaint should be dismissed as it fails to state a claim for negligent infliction of emotional distress as a matter of law. It is well-established in the District of Columbia that "there can be no recovery for negligently caused emotional distress unless the negligence caused contemporaneous and direct physical injury." *Williams v.*

*Baker*, 572 A.2d 1062, 1064 (D.C. 1990) (citations omitted). The only exception to this rule of law is that a plaintiff may recover for negligently inflicted emotional distress ". . . if the plaintiff was in the zone of physical danger and was caused by defendant's negligence to fear for his or her own safety." *Id.* at 1067. Here, Plaintiffs' Complaint does not allege that Plaintiffs suffered any physical injury, or that Plaintiffs were within any zone of physical danger. Moreover, Plaintiffs' allegations are devoid of any hint of fear for their safety. Instead, Plaintiffs merely allege that they "suffered severe emotional distress including embarrassment and ridicule as a direct and proximate result of defendant's breach of contract and brutal and condescending treatment of plaintiffs and their guests." (See Plaintiffs' Complaint at ¶ 30.) These allegations are manifestly insufficient to state a claim for negligent infliction of emotional distress.[1] Accordingly, Count III of the Complaint should be dismissed.

### C. Plaintiffs' Complaint Fails to State a Claim for Intentional Infliction of Emotional Distress.

Count IV of Plaintiffs' Complaint should be dismissed as it fails to allege facts sufficient to state a claim for intentional infliction of emotional distress. "To prove a claim of intentional infliction of emotional distress, a plaintiff must show (1) extreme and outrageous conduct on the part of the defendant which (2) intentionally or recklessly (3) causes the plaintiff 'severe emotional distress.'" *Crowley v. North American Telecommunications Assoc.*, 691 A.2d 1169, 1171 (1997) (citations omitted). Moreover, "liability will be imposed only for conduct which exceeds all bounds of decency and for acts which are regarded as 'atrocious and utterly intolerable in a civilized community.'" *Id.* at 1172. Here, Plaintiffs'

---

[1] Plaintiff DC Nites is a corporation and is therefore unable to experience emotional distress. Accordingly, in the event that Count III is not dismissed in its entirety, it should be dismissed as applicable to Plaintiff DC Nites.

146127-1

claim for intentional infliction of emotional distress must fail because Plaintiffs have failed to allege any extreme or outrageous conduct or sufficiently severe emotional distress.

Plaintiffs' allegations are insufficient to state a claim for intentional infliction of emotional distress as a matter of law. Plaintiffs merely allege that they suffered "severe emotional distress including embarrassment and ridicule as a direct and proximate result of defendant's breach of contract; brutal and condescending treatment of plaintiffs and their guests; and, tortuous interference of contract." (See Plaintiffs' Complaint, at ¶ 34.) Embarrassment and ridicule can hardly be considered "severe emotional distress." Moreover, "(l)iability does not extend to 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialties.'" *Crowley*, 691 A.2d at 1171. Plaintiffs' Complaint fails to allege any conduct which could be considered "atrocious and utterly intolerable in a civilized community." Accordingly, Plaintiffs have failed to allege acts sufficiently extreme and outrageous to support a claim for intentional infliction of emotional distress, and Count IV of Plaintiff's Complaint should be dismissed.[2]

### D. Plaintiffs' Complaint Fails to State a Claim for Violation of the D.C. Human Rights Act or Federal Law

Count V should be dismissed as it fails to allege facts sufficient to state a claim for a violation of the District of Columbia Human Rights Act or federal law. Presumably, Plaintiffs are asserting that Defendant violated District of Columbia and federal laws by Defendant's alleged discrimination against Plaintiffs and their guests. Not only are Plaintiffs' allegation unduly vague, but they are also insufficient. Plaintiffs allege that Defendant unlawfully discriminated against Plaintiffs and their guests by denying them enjoyment of

---

[2] Plaintiff DC Nites is a corporation and is therefore unable to experience emotional distress. Accordingly, in the event that Count IV is not dismissed in its entirety, it should be dismissed as applicable to Plaintiff DC Nites.

146127-1

Defendant's hotel facilities, banquet facilities and hotel rooms. (See Plaintiffs' Complaint, at ¶ 38.) Plaintiffs allege that this denial was based upon the national origin of Plaintiffs and the majority of their guests. (See Plaintiffs' Complaint, at ¶¶ 38-42.) However, Plaintiffs fail to allege that other hotel guests that were not members of a protected class were treated differently. Moreover, Plaintiffs have no standing to assert a claim for discrimination based upon the violation of the rights of their guests, and Plaintiffs have not alleged that they personally were denied access to hotel rooms. (*See generally* Plaintiffs' Complaint.) Accordingly, Plaintiffs' claim for violation of the District of Columbia Human Rights Act and federal law should be dismissed as it is insufficient as a matter of law, and because Plaintiffs have not stated facts sufficient to support the allegation that Defendant breached "other District of Columbia and federal laws."

### E.     Plaintiffs' Complaint Fails to State a Claim for "Discrimination."

Count VI of Plaintiffs' Complaint should be dismissed as it fails to state facts sufficient to support any cognizable claim. Plaintiffs' claim for discrimination merely alleges that Defendant acted with "evil motive, actual malice or in willful disregard for the rights of plaintiffs and the attendees" and that Defendant's conduct was outrageous. (See Plaintiffs' Complaint, at ¶¶ 45-46.) This does not state a cause of action for discrimination, or for anything else. Count VI does not contain any allegation that Defendant discriminated against Plaintiffs or any factual basis for such an allegation. Accordingly, Count VI of the Complaint should be dismissed as it fails to state a claim for discrimination as a matter of law.

### F.     Plaintiffs Claim for Punitive Damages also must Fail.

Count VII of Plaintiffs' Complaint should likewise be dismissed because it fails to state any cognizable claim. "Punitive damages" is not a cause of action. Moreover, the

146127-1

allegations contained within Count VII do not even contain facts to support a cause of action for which punitive damages could be awarded. Accordingly, Count VII of the Complaint should be dismissed as it fails to state any cause of action recognized under the law.

## III.  CONCLUSION

WHEREFORE, based on the foregoing, and for other good cause shown, Defendant Hyatt Regency Washington prays this honorable Court will grant its Motion to Dismiss, dismiss Counts II through VII of Plaintiffs' Complaint with prejudice, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

_____
Christopher E. Hassell, Esquire #291641
1250 Eye Street, NW, Suite 600
Washington, DC  20005
(202) 712-7000
(202) 712, 7100 (f)
**Counsel for Hyatt Regency Washington**

146127-1

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of March, 2006 a true copy of the foregoing was served, first-class mail postage prepaid, to:

Harold E. Brazil, Esquire
1828 L Street, NW
Suite 500
Washington, DC  20036

_____
Christopher E. Hassell

146127-1

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN PARK, et al. : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Case No.: 06-179 (RWR) |
| : | Judge Richard Roberts |
| : | Next Event: Status Conf. |
| HYATT REGENCY WASHINGTON : | 3/30/06 |
| : | |
| Defendant. : | |

### ORDER

UPON CONSIDERATION of Defendant Hyatt Regency Washington's Motion to Dismiss, the Memorandum of Points and Authorities in support thereof, any opposition thereto, and for other good cause shown, it is hereby:

ORDERED that Defendant's Motion to Dismiss with Memorandum of is GRANTED; and it is further

ORDERED, Counts II, III, IV, V, VI and VII of Plaintiff's Complaint are hereby dismissed with prejudice.

It is so ORDERED this _____ day of _____, 2006.

_____
U.S. District Court Judge Roberts

cc:    Christopher E. Hassell, Esquire
       Harold E. Brazil, Esquire

146127-1