IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA
(Civil Division)

**John Park, et. al.**

        Plaintiffs,

   v.                                    Civil Action No.: 06-179 RWR
                                                  Judge Richard W. Roberts

**Hyatt Corporation**                  Next Event: Status Conference
                                                  3/30/06

        Defendant

## POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNTS II- VII OF PLAINTIFF'S COMPLAINT

     **COMES NOW** plaintiffs, by and through counsel, The Law Offices of Harold Brazil & Associates, P.C., and opposes defendant's Motion To Dismiss Counts II –VII of Plaintiff's Complaint for the following reasons:

### Allegations In The Complaint

     In their Complaint, plaintiffs allege that defendant had a contract with plaintiffs to provide, among other things, banquet rooms, dinner food, alcoholic beverages for sale, overnight guest rooms, and security for a New Years Eve event that plaintiffs were hosting at defendant's hotel on Capitol Hill. Plaintiffs are Korean Americans and their guests were primarily of Asian decent. Plaintiffs were attempting to make a profit from the event through the sale of tickets to the event and the sale/resale of alcoholic beverages and food. Defendant was aware of plaintiff's profit motive for the event.

     Defendant unilaterally raised the drink prices at plaintiff's event while concurrently lowering the hotel's prices. This lowered drink sales at plaintiffs' event with the concomitant loss of profits for plaintiffs while, at the same time, increased profits for

1

defendant through increased drink sales. The Complaint sets forth other actions taken by defendant that diminished the economic value of the event for the plaintiffs.

The Complaint also alleges that defendant discriminated against plaintiffs and their guests because of their Asian decent by manipulating and unilaterally changing the contract terms and through demeaning treatment including locking plaintiffs and their guests out of their rooms that they had contracted and paid for.

In its motion, defendant seeks to have these allegations dismissed based on technical arguments that underplay the outrageousness and inexcusable nature of its conduct; discrimination; interference with plaintiff's contracts with its guests; and, breach of its contract with plaintiffs.

## **Legal Standard For Motion's To Dismiss**

The appropriate standard by which to review defendant's motion is to "construe the complaint in the light most favorable to the plaintiff, while taking the facts alleged in the complaint as true…." Dismissals will only be upheld "'when 'it appears, beyond doubt, that the plaintiff can prove no set of facts in support of [its] claim which would entitle it to relief." ***Casco Marina Development, L.L.C. v. District of Columbia Redevelopment Land Agency,*** 832 A.2d 77 (D.C. App. 2003. [Internal citations omitted]. A complaint may not be dismissed because the court merely "doubts that [the] plaintiff[s] will prevail on a claim," (citation omitted), but "dismissal for failure to state a claim may properly be granted where it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [the] claim which would entitle [them] to relief." Id. (citation and quotation marks omitted). ***District of Columbia v. Beretta, U.S.A., Corp.***, No. 03-CV-24 (D.C. 04/21/2005).

"[A]ll the Rules require is "a short and plain statement of the claim" that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. . . . Such simplified "notice pleading" is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more narrowly the disputed facts and issues. Following the simple guide of [Fed. R. Civ. P.] Rule 8 (f) that 'all pleadings shall be so construed as to do substantial justice,'" ***District of Columbia v. Beretta***, U.S.A., Corp., *supra*.

### Argument I

The defendant committed tortuous interference with plaintiffs' contract with their guests at the event by, among other things, manipulating the prices for drinks as set forth in paragraph 8 of the Complaint,

> **Defendant unilaterally raised the price of the premium drinks at plaintiffs' event but charged less for the drinks sold by the Hyatt (versus the drinks that were sold on behalf of plaintiffs). This created an incentive for the attendees at plaintiffs' event to buy drinks from the Hyatt rather than buy them at the plaintiffs' event. This diminished the ability of the plaintiffs to earn a profit from the event.**

Also see Paragraph 27 of the Complaint, Count II, which is substantially similar to paragraph 8.

Contrary to defendant's assertion on page 2 of its motion, the damages flowing from defendant's price manipulation derive from defendant's tortuous interference with the contract between the guests and the plaintiffs—which is, at least, an implied contract that the guests will purchase drinks at the event hosted by the plaintiffs. While paragraph 28 refers to defendant's breach of contract, paragraph 26, "Count II, (Tortuous

3

Interference with Contract)," clearly refers to defendant's inducement which diminished the value of plaintiff's contracts with their guests.

Apparently, defendant's argument is based on the reference in the beginning clause of paragraph 28, "As a direct and proximate result of defendant's breach of contract." Ideally, the clause should have read, "As…result of defendant's interference of contract." But plaintiff's inadvertence was harmless because defendant's breach was also an interference with the contract between plaintiffs and their guests.

Further, when paragraph 28 is read in conjunction with paragraphs 24 and 25 (defendant knew of the contracts between plaintiffs and their guests) and paragraphs 26 and 27 (defendant intentionally caused plaintiffs to breach their contracts with their guests in a variety of ways, including drink price manipulation), it is clear that the Complaint put defendant on notice that its interference with plaintiffs' contracts damaged plaintiffs as set forth in paragraph 28.

Defendant's alternative argument on page 3 also is deficient for the same reason: it fails to recognize that the fault and the resultant damages flow from defendants price manipulation which induced the third party—plaintiffs' guests—not to buy drinks at plaintiff's event but rather to buy defendant's discounted drinks. The District of Columbia is a notice pleading jurisdiction, ***District of Columbia v. Beretta, U.S.A., Corp.***, and, again, when paragraphs 23 through 28 (Count II-- Tortuous Interference of Contract claim) are read together, it is clear that plaintiff was put on notice of plaintiff's claim and related damages.

Moreover, paragraph 23 of Count II incorporates by reference paragraphs 6 through 18. Paragraph 9 refers to defendant's price manipulation and alleges that "As a result, plaintiffs lost revenue due to defendant's intentional efforts to undermine plaintiffs' event." This language clearly puts defendant on notice of plaintiffs' tortuous interference of contract claim as it was incorporated by reference into Count II. Paragraphs 10 through 18 provide additional allegations of defendant's tortuous conduct which were summarized in paragraph 26.

In conclusion, when the allegations set forth in paragraphs 1 through 22 and 23 through 28 are read together, it is clear that defendant was put on notice of plaintiffs' claim against it for tortuous interference of contract and of the damages that flowed therefrom. Such a construction is required by the literal terms of paragraph 23 and by construing the Complaint in the light most favorable to plaintiffs. ***Casco Marina Development, L.L.C., supra.***

## Argument II

Plaintiffs withdraw Count III, Negligent Infliction of Emotional Distress.

## Argument III

Plaintiffs allege discrimination by defendant on the basis of national origin and that such discrimination was outrageous. (COUNTS IV, V and VI).  In its motion, defendant first claims that suffering humiliation and ridicule as well as its brutal and condescending treatment of plaintiffs is insufficient to establish outrageousness. Motion, pages 4-5.

The question is whether or not it is outrageous in this country to discriminate against persons based on their national origin. "The Council of the District of Columbia declared, upon enacting the D.C. Human Rights Act, that 'the elimination of

discrimination within the District of Columbia should have 'the highest priority.'" ***Howard University v. Best*,** 484 A.2d 958 (D.C. App. 1984). Surely, if defendant discriminated against plaintiffs because they are Korean Americans, it would violate this public policy. And, the allegations of such, if proven, are outrageous. The question is one for the jury. See ***Howard University, supra.***

In the ***Howard University*** case, Dr. Best, a professor at the university, made out a prima facie case of intentional infliction of emotional distress by showing sexual harassment. The court held that "whether sexual harassment allegedly committed was outrageous enough to support the cause of action was for the jury. "Id.

Defendant also argues that Counts V and VI (Human Right Violations and Discrimination) should be dismissed because plaintiffs did not allege that non-protected class members were treated differently or that they were personally denied access to rooms. Motion, page 6. Conversely, paragraph 38 alleges that defendant unlawfully discriminated against plaintiffs based on their national origin through the <u>denial of equal treatment</u> and enjoyment of defendant's hotel facilities. Paragraphs 40 and 41 allege that <u>plaintiffs</u> had a right to make contracts and that <u>plaintiffs</u> **and** <u>the attendees</u> had a right to public accommodations, from which <u>they</u> were constructively <u>evicted</u> based on discrimination. Proving that non-protected class hotel guests were treated similarly is defendant's burden but, in any event, is a matter beyond the requirement to aver discrimination in the complaint.

Count VII (Discrimination) incorporates by reference the prior six Counts, paragraphs 1 through 43. Thus, it was unnecessary to reiterate the specific allegations of outrageousness and discrimination set forth in previous six Counts.

6

**Argument IV**

Plaintiffs put defendant on notice of its punitive damage claim in Count VII. Defendant alleges that punitive damages are not a cause of action and that no facts have been alleged in support of punitive damages. Defendant cites no authority for the first proposition and ignores the facts set forth in the previous 46 paragraphs contained in Counts I through VI, all of which are incorporated by reference into Count VII (Punitive Damages).

**WHEREFORE**, for the forgoing reasons, the Court should deny defendant's motion.

Respectfully submitted,

*Law Office of Harold Brazil & Associates, P.C.*

_____
Harold Brazil            #190124
1828 L Street, N.W., Suite 500
Washington, D.C. 20036
(202) 429-1727  FAX  429-1728
brazillaw@msn.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 20th day of March 2006, I served by first class mail, postage prepaid, copies of the Plaintiffs' Memorandum of Points and Authorities and Proposed Order to:

Christopher E. Hassell, Esquire
1250 Eye Street, N.W.
Suite 600
Washington, D.C. 20005
*Attorney for Defendant*

_____
Harold Brazil

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA
(Civil Division)

**John Park, et. al.**

    Plaintiffs,

    v.

**Hyatt Regency Washington**

    Defendant

**Civil Action No.: 06-179 RWR**
Judge Richard W. Roberts
Next Event: Status Conference
3/30/06

## ORDER

**UPON CONSIDERATION** of defendant's Motion To Dismiss Counts II –VII of Plaintiff's Complaint, plaintiff's opposition thereto, and the record herein, it is

**ORDERED** that defendant's motion is denied.

_____
U.S. District Court Judge Roberts

_____
Date

Cc:   Christopher E. Hassell, Esq.
        Harold Brazil, Esq.