UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN PARK, et al. : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Case No.: 06-179 (RWR) |
| : | Judge Richard Roberts |
| : | Next Event: Status Conf. |
| HYATT CORPORATION : | 3/30/06 |
| : | |
| Defendant. : | |

### DEFENDANT'S MOTION FOR LEAVE TO FILE COUNTERCLAIM

COMES NOW Defendant, HYATT CORPORATION (hereinafter "the Hyatt" or "Defendant"), by and through counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, and pursuant to Federal Rules of Civil Procedure 7, 13 and 15, move this Honorable Court for leave to file a counterclaim against Plaintiff.

In support of its motion, Defendant respectfully refers this Court to the attached Memorandum of Points and Authorities, adopted and incorporated herein by reference.

WHEREFORE, Defendant respectfully move this Court for leave to file a counterclaim against Plaintiffs based upon Plaintiffs' breach of contract, that Defendant be deemed to have amended its Answer to include such counterclaim, and that the Court deem the attached Counterclaim as properly filed.

    Respectfully submitted,

    **BONNER KIERNAN TREBACH & CROCIATA, LLP**

    _/s/ Christopher E. Hassell_
    Christopher E. Hassell, Esquire #291641
    1250 Eye Street, NW, Suite 600
    Washington, DC 20005
    (202) 712-7000
    (202) 712, 7100 (f)
    **Counsel for Hyatt Corporation**

1

147622-1

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

JOHN PARK, et al.              :
                               :
    Plaintiffs,               :
                               :
v.                             :   Case No.: 06-179 (RWR)
                               :   Judge Richard Roberts
                               :   Next Event: Status Conf.
HYATT CORPORATION              :   3/30/06
                               :
    Defendant.                :

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF DEFENDANT'S MOTION
## FOR LEAVE TO FILE COUNTERCLAIM

Defendant, HYATT CORPORATION (hereinafter "the Hyatt" or "Defendant"), by and through counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, states as follows in further support of Defendant's Motion for Leave to File Counterclaim:

### FACTUAL BACKGROUND

1. This action arises from Plaintiffs' seven count Complaint which alleges breach of contract, "tortuous" interference with contract, negligent infliction of emotional distress, intentional infliction of emotional distress, violation of the D.C. Human Rights Act and federal law, discrimination and punitive damages.

2. Plaintiffs claim that Defendant breached its contract with Plaintiffs by failing to provide the amount, quantity and quality of goods and services as agreed upon for the purposes of holding a New Years Eve party at the Hyatt.

3. Plaintiffs also claim that they suffered emotional distress as a result of the breach and that Defendant discriminated against Plaintiffs because of their national origin.

4. On or about December 2005, Plaintiffs filed their Complaint for Negligence in the Superior Court of the District of Columbia.

147622-1

5. Defendants' Partial Answer and Motion to Dismiss Plaintiffs' Complaint were filed on February 1, 2006 in the United States District Court for the District of Columbia.

6. On February 20, 2006, counsel of record, Stephen M. Seeger and Michael Zisa of Quagliano & Seeger, P.C. withdrew their appearance as to Hyatt Regency Washington and the court entered the appearance of Christopher E. Hassell of Bonner Kiernan Trebach & Crociata, LLP as counsel of record for Hyatt Regency Washington.

7. During new counsel's continuing investigation of Plaintiff's claims and issues relating to those claims, new counsel identified the factual basis to support a counterclaim for Plaintiff's breach of the contract.

8. The foregoing motion is filed in an effort to correct the omission of such a counterclaim from Defendants' Answer.

9. At the time of this motion, no substantive proceedings have been conducted in this matter and discovery has not yet commenced.

10. The interests of justice and judicial economy will be served by allowing Defendants to have the subject counterclaim decided by this Court in this action.

## ARGUMENT

The rules of this Court allow Defendant to set forth its counterclaim by leave of court if justice so requires. Fed. R. Civ. P. 13(f) provides, in pertinent part:

> "When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, *or when justice requires*, the pleader may by leave of court set up the counterclaim by amendment."

Fed. R. Civ. P. 13(f) (emphasis added). The rules governing amendment of pleadings further support this principle. Specifically, Fed. R. Civ. P. 15 provides:

> "[A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

147622-1

Fed. R. Civ. P. 15(a). The trial court has substantial discretion to grant -or deny- late filing of a counterclaim. *Randolph v. Franklin Inv. Co.*, 398 A.2d 340 (D.C. 1979). Additionally, "[b]ecause of the finality attached to the failure to allege a compulsory counterclaim, the trial court *should be liberal in the exercise of its discretion* in allowing the filing of an omitted counterclaim beyond the proper time limitation." *Bronson v. Borst*, 404 A.2d 960 (D.C. 1979)(emphasis added). Courts in this jurisdiction that have addressed this issue have concluded that "[l]eave to file an omitted counterclaim beyond the proper time limitations *should be granted* where the Court, in its discretion, determines that the omission is the result of "oversight, inadvertence, or excusable neglect, or *where justice so demands*." *Id.* (emphasis added).

In this instance, Plaintiffs allege, *inter alia*, that Defendant breached the contractual agreement that was entered on December 12, 2004 with respect to its "failure to provide the amount, quantity and quality of goods and services it agreed to provide …" [See Plaintiffs' Complaint ¶ 20.] Plaintiffs specifically allege that Defendant: (1) unilaterally raised the price of the premium drinks at Plaintiffs' event while charging less for those drinks sold by the Hyatt; (2) provided a smaller room for the buffet dinner than was agreed upon; (3) failed to place wine at the attendee's tables; (4) unilaterally shortened the time of the buffet by one hour; (5) provided inadequate security; and (6) discriminated against Plaintiffs.

Defendant's counterclaim is premised upon the fact that Plaintiffs breached their agreement with the Hyatt by requiring the Hyatt to accommodate significantly more dinner guests than had originally been agreed upon and by subsequently refusing to pay for those goods and services rendered by Defendant. At the direction of the Plaintiffs, and as agreed upon by the parties, Defendant was prepared to serve dinner for 150 people on the evening of

December 31, 2004. However, 640 people were attended the dinner buffet and Defendant went to great lengths to feed the group. Further, pursuant to the agreement entered into on December 12, 2004, Plaintiffs paid $40,000 and were to pay those additional costs for food, drink and services rendered for the event and then that amount would be reduced by any profits earned by the selling of drink tickets. The total cost of the function on December 31, 2004 was $84,623.80. As Plaintiffs had already paid $40,000 and had sold $11,000.00 worth of drink tickets this number was reduced to a balance due of $44,623.80. Plaintiffs are in breach of their contractual agreement by refusing to pay the balance due and were unjustly enriched by such a breach.

Defendant further submits that Plaintiffs will not be substantively prejudiced by having to litigate their breach of the contract in this action, as the contract is already at issue here, formal discovery has not yet commenced, and the Initial Scheduling Conference has not been conducted.

WHEREFORE, the premises considered, Defendant respectfully requests that its Motion be granted, that Defendant be deemed to have amended its Answer to include a Counterclaim, that its Counterclaim, as attached, be deemed properly filed, and that Defendant be accorded such other and further relief as may be just and proper.

Respectfully submitted,

**BONNER KIERNAN TREBACH & CROCIATA, LLP**

_/s/ Christopher E. Hassell_
_____
Christopher E. Hassell, Esquire #291641
1250 Eye Street, NW, Suite 600
Washington, DC 20005
(202) 712-7000
(202) 712, 7100 (f)
**Counsel for Hyatt Corporation**

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

Undersigned counsel contacted Plaintiffs' counsel on April 3, 2006 to seek consent for the relief requested in the foregoing Motion. Counsel for Plaintiff did not provide consent to the relief requested herein.

_____
Christopher E. Hassell

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN PARK, et al. | : |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : Case No.: 06-179 (RWR) |
| | : Judge Richard Roberts |
| | : Next Event: Status Conf. |
| HYATT CORPORATION | : 3/30/06 |
| | : |
| Defendant. | : |

### ORDER

UPON CONSIDERATION of Defendant Hyatt Corporation's Motion for Leave to File Counterclaim, any opposition thereto, and the entire record herein, it is this _____ day of _____, 2006, hereby

ORDERED, that Defendants' Motion is **GRANTED**; and it is further,

ORDERED, that Defendant's Counterclaim against Plaintiffs is deemed timely and properly filed.

SO ORDERED.

_____
Honorable Richard Roberts
United States District Court for the
District of Columbia

Copies to:

Harold E. Brazil, Esq.
1828 L Street, N.W.
Suite 500
Washington, D.C. 20036

Christopher E. Hassell, Esq.
Bonner Kiernan Trebach & Crociata, LLP
1250 Eye Street, N.W., Sixth Floor
Washington, D.C. 20002

147622-1

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

JOHN PARK, et al.                    :
                                     :
    Plaintiffs,                      :
                                     :
v.                                   :     Case No.: 06-179 (RWR)
                                     :     Judge Richard Roberts
                                     :     Next Event: Status Conf.
HYATT CORPORATION                    :     3/30/06
                                     :
    Defendant.                       :

### DEFENDANT'S COUNTERCLAIM

COMES NOW Defendant, HYATT CORPORATION as agent for CCHA Capitol Hill, LLC, d/b/a Hyatt Regency Washington (hereinafter "the Hyatt" or "Defendant"), by and through counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, and asserts this counterclaim against Plaintiffs, John Park and Phillip Park, and Virginia After Six Entertainment, Inc. (hereinafter "Plaintiffs"), on the following grounds:

### JURISDICTION AND PARTIES

1. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 and D.C. Code §§11-921 and 13-423.

2. Plaintiffs are residents of the state of Virginia. After Six Entertainment, Inc. is a Virginia corporation.

3. Defendant Hyatt Corporation is a business authorized by the District of Columbia to operate a hotel in the District of Columbia.

### FACTS

1. On or about December 12, 2004, the parties entered into an agreement whereby Plaintiffs were to pay Defendant for goods, services and the use of certain facilities

147616-1

located at 400 New Jersey Avenue, N.E., Washington, D.C. 20001, for the purpose of holding a New Year's Eve party on December 31, 2004.

2. The total cost of the event on December 31, 2004 was $84,623.80. After being reduced by the $40,000 deposit paid by Plaintiffs and the $11,000 credit earned through the sale of drink tickets, Plaintiffs' balance due is $44,623.80.

3. Thereafter, in December 2005, Plaintiffs filed their Complaint alleging, *inter alia*, breach of contract, "tortuous" interference with contract, negligent infliction of emotional distress, intentional infliction of emotional distress, violation of the D.C. Human Rights Act and federal law, discrimination and punitive damages.

4. Plaintiffs have not been discharged from their obligation to pay the balance of their expenses and are in breach of contract as a result of their failure to pay.

5. As a result of Plaintiffs' material breach, Defendant has suffered monetary damages and losses, and Plaintiffs were unjustly enriched.

## CAUSES OF ACTION

### Count I
### (Breach of Contract)

6. Defendant hereby adopts and incorporates by reference Paragraphs 1 through 8 as if fully set forth herein.

7. Plaintiffs and the Hyatt entered into an agreement for the Hyatt to provide food, drinks, services and a facility in which Plaintiffs could hold a New Years Eve party.

8. Plaintiffs breached their contract with Defendant as it relates to Plaintiffs' obligation to pay for the balance of goods and services expended and facilities provided.

147616-1

9. As a result of Plaintiffs' breach, Defendant suffered loss of revenue and income.

WHEREFORE, Defendant seeks damages in the amount of $44,623.80, plus interest, plus attorney's fees and costs in this action, and for such other and further relief as may be just and proper.

### Count II
### (Unjust Enrichment/Quantum Meruit)

10. Defendant hereby adopts and incorporates the allegations set forth in Paragraphs 1 through 19 as if fully set forth herein.

11. On December 31, 2004 and January 1, 2005, Plaintiffs received from Defendant goods and services, and the use of certain facilities at the Hyatt for which they did not pay.

12. Plaintiffs have no lawful entitlement to such receipt or use in the absence of payment for the fair market value of such goods, services and facilities.

13. Accordingly, Plaintiffs were unjustly enriched for all goods and services received without payment therefor.

WHEREFORE, Defendant seeks damages in the amount of $44,623.80, plus interest, plus attorney's fees and costs in this action, and for such other and further relief as may be just and proper.

DATED: April 3, 2006.

        Respectfully submitted,

        **BONNER KIERNAN TREBACH & CROCIATA, LLP**

        _____
        Christopher E. Hassell, Esquire #291641
        1250 Eye Street, NW, Suite 600
        Washington, DC  20005
        (202) 712-7000
        (202) 712, 7100 (f)
        **Counsel for Hyatt Corporation**

### CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of April, 2006 a true copy of the foregoing Defendant's Counterclaim was served, first-class mail postage prepaid, to:

Harold E. Brazil, Esquire
1828 L Street, NW
Suite 500
Washington, DC  20036

        _____
        Christopher E. Hassell

147616-1