IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA
(Civil Division)

**John Park, et. al.**

        Plaintiffs,

v.                                              Civil Action No.: 06-179 RWR
                                                Judge Richard W. Roberts
**Hyatt Corporation**                           Next Event: Discovery ends:
                                                July 31, 2006

        Defendant

## POINTS AND AUTHORITIES IN OPPOSITION
## TO DEFENDANT'S MOTION FOR LEAVE TO FILE COUNTERCLAIM

**COMES NOW** plaintiffs, by and through counsel, The Law Offices of Harold Brazil & Associates, P.C., and states that defendant's Motion For Leave To File Counterclaim should be denied because defendant failed to file a compulsory counterclaim as required by Rule 13(a) of the Federal Rules of Civil Procedure and the untimely filing could have been avoided through the exercise of reasonable diligence and thus was not excusable under Rule 13(f), and for the following reasons:

### Defendant Violated Rule 13(a)

Federal Rules of Civil Procedure 13(a) required defendant to file its counterclaim on February 1, 2006 when it filed its Answer. The Rule states that:

> "A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction…that is the subject matter of the opposing party's claim….

Defendant failed to do so and thus did not comply with the requirements of Rule 13(a).

Defendant cites Rule 13(f) as authority to excuse its failure to timely file its counterclaim: where the defendant obtains leave of court it may set up a counterclaim by

1

amendment based on oversight, inadvertence or excusable neglect, or when justice so requires. Also see Rule 60(b).However, granting leave can not be automatic: otherwise the requirement of Rule 13(a) is meaningless.

The question is whether or not defendant exercised reasonable diligence and the test was articulated in **Bronson v. Borst**, 404 A.2d 960 (D.C. App. 1979): number of requests; the length of time before trial; bad faith or dilatory purpose; merit of pleading; and, prejudice to plaintiff.

First, the grievance is over a year old, December 31, 2004. Defendant's hotel manager was put on notice by counsel's letters dated February 15 and May 12, 2005. And, suit was filed on December 31, 2005. Thus, when the length of time since December 2004 is viewed with the number of requests—request and notice of removal, answer filed, motion to dismiss, notice of withdrawal of counsel, motion for extension of time to file a motion to dismiss, second motion to dismiss, and motion for leave to file an untimely counterclaim—there have been a substantial number of requests and a substantial length of time from the original occurrence and filing of the complaint at the end of 2005: there have been ample opportunities to file a counterclaim.

Second, defendant's erstwhile counterclaim is designed to discourage plaintiffs from pursuing their grievance as the counterclaim would expose them to a potential damage award against them. Otherwise, if defendant believed that it had a legitimate claim against plaintiffs for $40,000 why did the claim just surface at this late date? Defendant's after-the-fact, get-tough strategy is not a laudatory purpose and neither is it sufficient to overcome the bad faith or dilatory purpose criteria set forth in the **Borst** case or Rule 13(f) "when justice requires" standard. In addition, the vague, non-specific justification offered in defendant's motion that "counsel's continuing investigation" uncovered facts

2

to support the claim is insufficient justification for putting the kibosh on Rule 13(a). See Motion Page 3, paragraph 7.

Further, plaintiffs also will be prejudiced by the late filing of the counterclaim. It has been over a year since the cause of action occurred. Plaintiffs have had to defend against two motions to dismiss and removal to a federal court to pursue essentially local claims. And, plaintiffs would be placed in the untenable position of prosecuting and defending themselves against this untimely counterclaim, not to mention further delay to redress their grievances.

Finally, defendant has failed to offer an adequate justification for its failure to file a timely counterclaim. In its motion to dismiss, it fails to articulate why it took a "continuing investigation" to uncover facts to support a counterclaim that it should have recognized almost a year ago when counsel advised defendant of its contract claim against it. Motion, *supra*. Conversely, Rule 13 and Rule 60 (b) require that there be some a specific reason advanced by defendant to meet the threshold of excusable neglect or justifiable mistake, or inadvertence. Otherwise, the requirement to file a counterclaim alleging related subject matter at the time the answer is filed becomes meaningless.

                Respectfully submitted,

                *Law Office of Harold Brazil &*
                    *Associates, P.C.*

_____
Harold Brazil     #190124
1828 L Street, N.W., Suite 500
Washington, D.C. 20036
(202) 429-1727  FAX  429-1728
brazillaw@msn.com
***Attorney for Plaintiff***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 11th day of April 2006, I served by first class mail, postage prepaid, copies of the Plaintiffs' Memorandum of Points and Authorities and Proposed Order to:

> Christopher E. Hassell, Esquire
> 1250 Eye Street, N.W.
> Suite 600
> Washington, D.C. 20005
> ***Attorney for Defendant***

_____
Harold Brazil

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA
(Civil Division)

**John Park, et. al.**

        Plaintiffs,

  v.                               **Civil Action No.: 06-179 RWR**
                                      Judge Richard W. Roberts
**Hyatt Regency Washington**     Next Event: Status Conference
                                         3/30/06

        Defendant

## **ORDER**

      **UPON CONSIDERATION** of defendant's Motion File Counterclaim, plaintiffs' opposition thereto, and the record herein, it is

      **ORDERED** that defendant's motion is denied.

                                                  _____
                                                  U.S. District Court Judge Roberts

                                                                _____
                                                                         Date

Cc:    Christopher E. Hassell, Esq.
         Harold Brazil, Esq.