IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA
(Civil Division)

**John Park, et. al.**

        Plaintiffs,

v.                                 Civil Action No.: 06-179 RWR
                                      Judge Richard W. Roberts
**Hyatt Corporation**            Next Event: Discovery Closes
                                      8/31/06

        Defendant

## MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL RULE 26(A)(1) DISCLOSURES AND WRITTEN DISCOVERY RESPONSES

**COMES NOW** plaintiffs, by and through counsel, The Law Offices of Harold Brazil & Associates, P.C., and opposes defendant's Motions: (1) motion to compel rule 26(a)(1) disclosures; and (2) motion to compel written discovery responses, for the following reasons:

    1.    The motions are **moot**. Plaintiff served defendant with executed responses to defendant's interrogatories and requests for the production of documents. These responses contain the information that defendant complains were absent from the disclosure statement: all witnesses names and addresses within plaintiffs' possession or knowledge are set forth.

    Defendant also claims that there was insufficient document production in plaintiffs' disclosure statement. All documents of which plaintiffs are aware have been produced. Further, plaintiff identified specifically in their disclosure statement documents that were in defendants possession or which plaintiff had previously furnished to

defendant. Finally, plaintiffs' responses contain the calculation of which defendant complains.

2.     Defendant failed to comply with Federal Rules of Civil Procedure Rule 37 in that it failed to make a good faith effort to obtain the requested discovery and disclosures despite its certification to the contrary. Plaintiffs at no time refused to comply with defendants requests. And, had the defendant "conferred" with plaintiffs about its desire to obtain more timely discovery, counsel would have explained the logistical burdens that he faced and/or expedited the response. Discovery should not be an exercise in how to generate additional fees.

3.     On a May 30, 2006, defendant sent a letter demanding discovery responses by June 2, 2006. This was an insufficient time within which to respond. It is customary in this jurisdiction ( and required by the local Superior Court rules) to provide a 10 day window between the demand for discovery production and filing a motion.. But, defendant filed the instant motion early on the morning of the 10th day, effectively shortening the period by a day. This created a disincentive to complete the discovery production by close of business on that day. Succinctly, defendant jumped the gun.  The next to two days were the weekend. Subsequently, plaintiffs discovered additional documents and provided them to their counsel early in the week. Counsel reviewed the documents and incorporated them into plaintiffs' document production.

4.     Defendant sprang on plaintiffs its dissatisfaction with the disclosure statement. Had defendant made plaintiffs aware of its complaint, they would have advised that it was acquiring and preparing the requested information, e.g. additional witnesses, etc. Moreover, the motion to compel additional Rule 26(a)(1) disclosures is redundant and unnecessary, much akin to piling on in football.

5. The delay in plaintiffs' response was excusable. Counsel was out of town from May 20th to the 25th 2006. Counsel moved his offices the last week in May. Some of counsel's office equipment and materials were destroyed in a fire on June 14, 2006. Further, counsel had an especially heavy workload during the month of May.

6. Defendant has not been prejudiced by the delay: discovery continues until August 31, 2006.

7. Plaintiffs complaint is that defendant owes them thousands of dollars. Defendant's response is to attempt to asses them attorney's fees. Defendant is a multimillion dollar enterprise. Plaintiffs are of modest means. It serves no purpose to assess attorney fees in that plaintiffs did not refuse to comply with defendant's discovery requests. Further, defendant should not be rewarded for filing redundant motions, one of which plaintiffs had no notice that defendant was even dissatisfied with the response.

**WHEREFORE**, for the forgoing reasons, the Court should deny defendant's motion.

Respectfully submitted,

*Law Office of Harold Brazil & Associates, P.C.*

_____
Harold Brazil            #190124
1325 G Street, N.W., Suite 500
Washington, D.C. 20036
(202)449-7695  FAX  449-7701
brazillaw@msn.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 17, 2006, I served by first class mail, postage prepaid, copies of the Plaintiffs' Memorandum of Points and Authorities and Proposed Order to:

>Christopher E. Hassell, Esquire
>1250 Eye Street, N.W.
>Suite 600
>Washington, D.C. 20005
>***Attorney for Defendant***

_____
Harold Brazil

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA
(Civil Division)

**John Park, et. al.**

    Plaintiffs,

  v.             **Civil Action No.: 06-179 RWR**
             Judge Richard W. Roberts
**Hyatt Regency Washington**     Next Event: Discovery Closes
               8/31/06

    Defendant

## ORDER

  **UPON CONSIDERATION** of defendant's Motion to Compel Plaintiffs' Written Discovery Responses and Motion to Compel Plaintiff's Rule 26(a)(1) Initial Disclosures, Plaintiffs' opposition thereto, and the record herein, it is

  **ORDERED** that defendant's motion is denied.

                  _____
                  U.S. District Court Judge Roberts

                  _____
                  Date

Cc: Christopher E. Hassell, Esq.
   Harold Brazil, Esq.