UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____ )
JOHN PARK *et al*.,                )
                                   )
        Plaintiffs,                )
                                   )
    v.                             )        Civil Action No. 06-179 (RWR)
                                   )
HYATT CORPORATION,                 )
                                   )
        Defendant.                 )
_____ )

### MEMORANDUM OPINION AND ORDER

Plaintiffs John Park, Philip Park, and After Six Entertainment, Inc. sued defendant Hyatt Corporation ("Hyatt") asserting contract and tort claims, violations of the D.C. Human Rights Act ("DCHRA") and federal civil rights statutes, and claims of "discrimination" and punitive damages. Hyatt moves to dismiss all but plaintiffs' breach of contract claim, and moves for leave to file counterclaims against plaintiffs. Plaintiffs have alleged sufficient facts to state contract and tort claims and violations of the DCHRA and federal civil rights statutes, and Hyatt's motion to dimiss will be denied with respect to those claims. The "discrimination" claim is duplicative and will be dismissed, and the punitive damages claim will be treated as part of a prayer for relief and not as a cause of action. Because Hyatt seeks to add counterclaims arising from the same transaction or occurrence and plaintiffs have demonstrated no

- 2 -

prejudice to them, Hyatt's motion for leave to file counterclaims
will be granted.

BACKGROUND

Plaintiffs allege that they entered into a signed agreement
with the Hyatt Regency Washington on Capitol Hill in December
2004, authorizing plaintiffs to use the Hyatt's facilities for a
New Year's Eve party that year in exchange for a fee.  (Compl.
¶ 5.)  Plaintiffs state that they planned to charge attendees a
fee to attend the party and also charge them for food and
alcoholic beverages, and that Hyatt knew of these plans.  (Id.
¶ 6.)  The festivities did not go according to plan.  According
to plaintiffs, Hyatt intentionally sabotaged plaintiffs' event by
failing to provide the size room for the buffet dinner that
previously had been represented to plaintiffs, failing to provide
a sufficient amount of food for the buffet dinner, failing to
place wine on the dinner tables at the buffet dinner, ending the
buffet an hour early, locking plaintiffs and party attendees out
of their hotel rooms, failing to provide adequate security, and
being rude and condescending to plaintiffs.  (Id. ¶¶ 10-13, 15,
17.)  In addition, plaintiffs contend that Hyatt "unilaterally
raised the price of premium drinks at plaintiffs' event but
charged less for drinks sold by the Hyatt[,]" creating "an
incentive for the attendees at plaintiffs' event to buy drinks
from the Hyatt rather tha[n] buy them at plaintiffs' event."

- 3 -

(Id. ¶ 8.)  Plaintiffs John Park and Philip Park are Korean Americans, and the party was attended overwhelmingly by persons of Asian descent.  (See id. ¶¶ 14, 16; Pls. Opp'n to Hyatt's Mot. to Dismiss at 1.)

Plaintiffs filed their complaint in D.C. Superior Court in December 2005, alleging breach of contract, tortious interference with contract, negligent infliction of emotional distress, intentional infliction of emotional distress, violations of the DCHRA and federal civil rights statutes, discrimination, and punitive damages.  Plaintiffs allege pecuniary loss, loss of reputation, loss of good will, severe emotional distress and other losses.  (Compl. ¶¶ 22, 28, 34.)  Hyatt answered the complaint without stating any compulsory counterclaims, and removed the case to this court in February 2006.  Hyatt now moves to dismiss all but plaintiffs' breach of contract claim[1] and requests leave to file counterclaims.  Plaintiffs oppose both motions.

## DISCUSSION

"A Rule 12(b)(6) motion is intended to test the legal sufficiency of the complaint.  But the complaint need only set forth a short and plain statement of the claim, giving the

---

[1] Hyatt's motion is moot as to plaintiffs' negligent infliction of emotional distress claim since plaintiffs withdrew the claim in their opposition.  (See Pls.' Opp'n to Hyatt's Mot. to Dismiss at 5.)

- 4 -

defendant fair notice of the claim and the grounds upon which it
rests.  Such simplified notice pleading is made possible by the
liberal opportunity for discovery and the other pretrial
procedures established by the Rules to disclose more precisely
the basis of both claim and defense and to define more narrowly
the disputed facts and issues.  In light of these liberal
pleading requirements, a complaint should not be dismissed for
failure to state a claim unless it appears beyond doubt that the
plaintiff can prove no set of facts in support of his claim which
would entitle him to relief." Kingman Park Civic Ass'n v.
Williams, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citations and
internal quotation marks omitted).

In considering a Rule 12(b)(6) motion, a court must accept
all the allegations in a plaintiff's complaint as true and
construe them in the light most favorable to the plaintiff.
Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan, 115 F.3d 1020,
1027 (D.C. Cir. 1997). "Dismissal under Rule 12(b)(6) is proper
when, taking the material allegations of the complaint as
admitted, and construing them in plaintiff['s] favor, the court
finds that the plaintiff[] ha[s] failed to allege all the
material elements of [his] cause of action." Weyrich v. The New
Republic, Inc., 235 F.3d 617, 623 (D.C. Cir. 2001) (internal
quotation marks and citations omitted) (quoting Taylor v. FDIC,
132 F.3d 753, 761 (D.C. Cir. 1997)).

- 5 -

I.  TORTIOUS INTERFERENCE WITH CONTRACT

In the District of Columbia, in order to state a claim for tortious interference with contract, a plaintiff must allege (1) the existence of a contract between the plaintiff and a third party, (2) knowledge of the contract by the defendant, (3) intentional procurement by the defendant of a breach of contract; and (4) damages resulting from the breach.  See Casco Marina Dev., L.L.C. v. D.C. Redevelopment Land Agency, 834 A.2d 77, 83 (D.C. 2003); see also Restatement (Second) of Torts §§ 766-66C (1979).

Plaintiffs sufficiently, if inartfully, state a claim for tortious interference with contract.  Plaintiffs' allegations can be read fairly to assert that a contract existed between plaintiffs and the attendees, whereby attendees paid a fee and agreed to purchase premium drinks in exchange for being able to attend the plaintiffs' New Year's Eve party with various services to be provided by plaintiffs.  (See Compl. ¶¶ 6, 24-25.) Plaintiffs also assert knowledge of the contract by Hyatt, intentional procurement of a breach by Hyatt, and damages from the procured breach in the form of lost profits and loss of reputation among other things.  (See Compl. ¶¶ 8-9, 24-28.)

Nonetheless, Hyatt argues that plaintiffs' claim for tortious interference with contract fails to state a claim because it does not allege damages resulting from the breach

- 6 -

allegedly induced by Hyatt.  Moreover, Hyatt contends that
plaintiffs' claim fails because the complaint alleges that Hyatt
procured a breach by the plaintiffs and not a third party.  In
other words, "[p]laintiffs appear to allege that they were
damaged by their own breach of contract, which was allegedly
procured by the Defendant.  This is insufficient to state a claim
for tortuous [sic] interference with contract as a matter of
law."  (Hyatt's Mem. of P. & A. in Supp. of Mot. to Dismiss
("Hyatt's Mot. to Dismiss") at 3.)

        Hyatt's arguments are unpersuasive.  First, plaintiffs do
allege lost profits resulting from the attendees' alleged breach
of contract in purchasing drinks directly from the hotel and not
plaintiffs.  Moreover, plaintiffs allege loss of reputation from
plaintiffs' own inability to perform on its contract with
attendees due to Hyatt's tortious interference.  Second, a
plaintiff may recover for tortious interference with contract if
the defendant forces the *plaintiff* to breach a contract with a
third party.  See Restatement (Second) of Torts § 766A (1979)
("One who intentionally and improperly interferes with the
performance of a contract (except a contract to marry) between
another and a third person, by preventing the other from
performing the contract or causing his performance to be more
expensive or burdensome, is subject to liability to the other for
the pecuniary loss resulting to him."); see also DeKine v.

- 7 -

District of Columbia, 422 A.2d 981, 988 (D.C. 1980) (recognizing the Restatement (Second) of Torts §§ 766-766C).

II.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

To state a claim for intentional infliction of emotional distress, a plaintiff must allege "(1) extreme and outrageous conduct on the part of the defendant which (2) intentionally or recklessly (3) causes the plaintiff severe emotional distress." Paul v. Howard Univ., 754 A.2d 297, 307 (D.C. 2000) (internal quotation marks omitted).  Hyatt argues that "[p]laintiffs have failed to allege any extreme or outrageous conduct or sufficiently severe emotional distress."  (Hyatt's Mot. to Dismiss at 5.)

Hyatt's arguments cannot prevail.  Racial discrimination can amount to extreme or outrageous conduct.  See Howard Univ. v. Best, 484 A.2d 958, 986 (D.C. 1984) (holding that racial or sexual harassment and other "[a]ctions which violate public policy may constitute outrageous conduct sufficient to state a cause of action for infliction of emotional distress").  However, the D.C. Court of Appeals has explained that Best applied only "to cases in which the plaintiff can show 'a pattern of harassment[]'" and not to cases where a plaintiff alleges "a few isolated incidents." Paul, 754 A.2d at 308.  Here, plaintiffs allege repeated acts of discrimination and racially motivated sabotage by Hyatt -- intentionally diminishing plaintiffs' drink

- 8 -

sales by undercutting the prices of drinks sold by plaintiffs to
their attendees, failing to provide adequate food, cutting short
the time of the planned buffet, and locking the plaintiffs and
attendees of plaintiffs' party out of their rooms -- over the
entire period the contractual obligations were executed.  These
alleged acts were neither few nor isolated, and if proven, could
amount to extreme and outrageous conduct by Hyatt.  In addition,
plaintiffs allege that they suffered "severe emotional distress
including embarrassment and ridicule."  (Compl. ¶ 34.)  The
burden will be on plaintiffs to prove actual severe emotional
distress, but they have pled it sufficiently to survive a motion
to dismiss.

III. D.C. HUMAN RIGHTS ACT AND FEDERAL CIVIL RIGHTS STATUTES

     It is unlawful to discriminate against individuals on the
basis of their race in places of public accommodation.  See 42
U.S.C. § 2000a ("All persons shall be entitled to the full and
equal enjoyment of the goods, services, facilities, privileges,
advantages, and accommodations of any place of public
accommodation, as defined in this section, without discrimination
or segregation on the ground of race, color, religion, or
national origin."); D.C. Code § 2-1402.31(a)(1) (making it
unlawful to "deny, directly or indirectly, any person the full
and equal enjoyment of the goods, services, facilities,
privileges, advantages, and accommodations of any place of public

- 9 -

accommodations" on the basis of that person's race or national
origin).  In addition, federal law declares that "[all] persons
. . . shall have the same right . . . to make and enforce
contracts . . . and to the full and equal benefit of all laws and
proceedings . . . as is enjoyed by white citizens."  42 U.S.C.
§ 1981(a).  A plaintiff may state a claim under § 1981 if the
plaintiff can show that (1) he is a member of a protected racial
group; (2) the defendant had an intent to discriminate on the
basis of race; and (3) the discrimination concerned one or more
of the activities enumerated in the statute.  See Mitchell v.
DCX, Inc., 274 F. Supp. 2d 33, 44-45 (D.D.C. 2003).  Hyatt argues
that plaintiffs have failed to state a claim under District of
Columbia and federal law because "[p]laintiffs fail to allege
that other hotel guests that were not members of a protected
class were treated differently" and because "[p]laintiffs have no
standing to assert a claim for discrimination based upon the
violation of the rights of their guests."  (Hyatt's Mot. to
Dismiss at 6.)

        These arguments are without merit.  Hyatt's first argument
amounts to a contention that plaintiffs must state a prima facie
case of discrimination in their complaint in order to survive a
motion to dismiss.  However, a plaintiff is not required to plead
a prima facie case of discrimination in the complaint, nor
specifically to point to similarly situated individuals given

- 10 -

preferential treatment in order to survive a motion to dismiss.
See Sparrow v. United Airlines, Inc., 216 F.3d 1111, 1114 (D.C.
Cir. 2000).  Plaintiffs have provided a short and plain statement
of their claim, that Hyatt discriminated against plaintiffs in a
place of public accommodation and impeded plaintiffs' ability to
enforce their contract with Hyatt all because of plaintiffs' race
(see Compl. ¶¶ 38-42), giving Hyatt fair notice of the claim and
the grounds upon which it rests.  That is all that plaintiffs
must provide at this stage.  See Conley v. Gibson, 355 U.S. 41,
47-48 (1957).  Hyatt's second argument fails because it
mischaracterizes the allegations in the complaint.  Plaintiffs
allege that *they*, along with their guests, were unlawfully denied
"equal treatment and enjoyment of [Hyatt's] hotel facilities,
including its banquet facilities and hotel rooms."  (Compl.
¶ 38.)

    Hyatt does not appear to argue that plaintiffs have not
stated a claim for which relief can be granted under § 1981.  In
any event, plaintiffs have alleged facts sufficient to survive a
motion to dismiss on that claim.

IV.  CLAIMS FOR DISCRIMINATION AND PUNITIVE DAMAGES

    Plaintiffs allege additional claims for "discrimination" and
punitive damages.  (See Compl. ¶¶ 44-50.)  Plaintiffs'
discrimination claim is duplicative of plaintiffs' claims under
the DCHRA and federal civil rights statutes, and will therefore

- 11 -

be dismissed.  See Johnson v. District of Columbia, Civil Action
No. 04-936 (RMC), 2005 WL 1903551, at *9 (D.D.C. 2005)
(dismissing duplicative claim).  Though punitive damages are
available to plaintiffs if they can show Hyatt's conduct "was
accompanied by 'fraud, ill will, recklessness, wantonness,
willful disregard of the plaintiff[s'] rights, or other
circumstances tending to aggravate the injury[,]'" Dyer v.
William S. Bergman & Assocs., Inc., 657 A.2d 1132, 1139 n.10
(D.C. 1995) (quoting Washington Medical Ctr. v. Holle, 573 A.2d
1269, 1284 (D.C. 1990)), punitive damages are not an independent
cause of action.  The claim for punitive damages, then, will be
treated instead as part of an ad damnum clause.

V.   HYATT'S COUNTERCLAIMS

     Federal Rule of Civil Procedure 13(a) requires that "[a]
pleading shall state as a counterclaim any claim which at the
time of serving the pleading the pleader has against any opposing
party, if it arises out of the transaction or occurrence that is
the subject matter of the opposing party's claim."  "When a
pleader fails to set up a counterclaim through oversight,
inadvertence, or excusable neglect, or when justice requires, the
pleader may by leave of court set up the counterclaim by
amendment."  Fed. R. Civ. P. 13(f).  "[D]elay alone will not
generally justify denying a motion to amend a pleading absent a

- 12 -

showing of prejudice from the delay." King v. Cooke, 26 F.3d 720, 723 (7th Cir. 1994).

Hyatt moves for leave to file counterclaims against the plaintiffs for beach of contract and unjust enrichment, alleging that plaintiffs breached their contract with Hyatt by not paying for the full amount of goods and services expended and facilities provided by Hyatt and that plaintiffs were unjustly enriched by their breach. (See Hyatt's Mot. for Leave to File at 9-10.) Plaintiffs oppose the motion, arguing the counterclaims are untimely, prejudicial and filed in bad faith. (Pls.' Opp'n to Hyatt's Mot. for Leave to File at 2-3.)

Plaintiffs produce no facts to suggest that Hyatt's motion is filed in bad faith and offer no explanation as to why plaintiffs will be prejudiced by addition of the counterclaims, other than the bare assertion that they will be "placed in the untenable position of prosecuting and defending themselves against this untimely counterclaim." (Id. at 3.) Notably, Hyatt filed its motion before discovery commenced and only two months after Hyatt removed the case to federal court and answered the complaint. Plaintiffs received ample notice of the counterclaims, and addition of the counterclaims will not unfairly prejudice plaintiffs.

- 13 -

CONCLUSION AND ORDER

Because plaintiffs sufficiently allege claims of tortious interference with contract, intentional infliction of emotional distress, violations of the DCHRA and federal civil rights statutes, Hyatt's motion to dismiss with respect to these claims will be denied.  Because plaintiffs' claim of "discrimination" is duplicative, Hyatt's motion to dismiss this claim will be granted.  Plaintiffs' claim for punitive damages will be treated as part of a prayer for relief and not as an independent cause of action.  Because no evidence indicates that Hyatt filed its motion for leave to file counterclaims in bad faith and because it will not unfairly prejudice plaintiffs, Hyatt's motion for leave to file counterclaims will be granted.  Accordingly, it is hereby

ORDERED that Hyatt's motion [3] to dismiss be, and hereby is, GRANTED in part and DENIED in part.  It is granted as to plaintiffs' claim of "discrimination," denied as to plaintiffs' claims of tortious interference with contract, intentional infliction of emotional distress and violations of the DCHRA and federal civil rights statutes, and denied as moot as to plaintiffs' claim of negligent infliction of emotional distress. Plaintiffs' claim for punitive damages shall be treated as part of a prayer for relief and not as a cause of action.  It is further

- 14 -

ORDERED that Hyatt's motion [14] for leave to file

counterclaims be, and hereby is, GRANTED.

SIGNED this 30th day of June, 2006.

                                        /s/
                              _____
                              RICHARD W. ROBERTS
                              United States District Judge