UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

JOHN PARK, et al.                                :
                                                 :
    Plaintiffs,                                :
                                                 :
v.                                               :    Case No.: 06-179 (RWR)
                                                 :    Judge Richard Roberts
HYATT REGENCY WASHINGTON                          :    Next Event: Discovery Closes
                                                 :    July 31, 2006
    Defendant.                                 :

## HYATT CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW, Defendant, **HYATT CORPORATION ("HYATT)**, by and through counsel, **BONNER KIERNAN TREBACH & CROCIATA, LLP**, and submits its Answer to the Complaint.

## ANSWER

In response to the specifically enumerated paragraphs of the Complaint, Defendant Hyatt states:

1.      Defendant admits jurisdiction as set forth in Paragraph 1 of the Complaint.

2.      Defendant admits venue as set forth in Paragraph 2 of the Complaint.

3.      Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 3; and accordingly denies the same and demands strict proof thereof.

4.      Defendant admits that Hyatt is a business entity operating in the District of Columbia as authorized by the District of Columbia. Defendant denies all other allegations set forth in Paragraph 4 and demands strict proof thereof.

5.      Defendant admits the allegations set forth in Paragraph 5.

6.      Defendant admits the allegations set forth in Paragraph 6.

7.    Defendant denies the allegations set forth in Paragraph 7 and demands strict proof thereof.

8.    Defendant denies the allegations set forth in Paragraph 8 and demands strict proof thereof.

9.    Defendant denies the allegations set forth in Paragraph 9 and demands strict proof thereof.

10    Defendant denies the allegations set forth in Paragraph 10 and demands strict proof thereof.

11.    Defendant denies the allegations set forth in Paragraph 11 and demands strict proof thereof.

12.    Defendant denies the allegations set forth in Paragraphs 12 ; and demands strict proof thereof.

13.    Defendant admits that the lock system for its rooms failed on all the rooms on January 1, 2001, but denies the remaining allegations set forth in Paragraph 13 and demands strict proof thereof.

14.    Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations set forth in Paragraphs 14; and accordingly denies the same and demands strict proof thereof.

15.    Defendant denies the allegations set forth in Paragraphs 15 and demands strict proof thereof.

16.    Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations set forth in Paragraphs 16; and accordingly denies the same and demands strict proof thereof.

2

153808-1

17.    Defendant denies the allegations set forth in Paragraph 17 and demands strict proof thereof.

18.    Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 18; and accordingly denies the same and demands strict proof thereof.

## COUNT I

19.    Defendant Hyatt incorporates by reference all defenses and restates its responses to the averments contained in Paragraphs 1 through 18 of the Complaint.

20.    Defendant denies the allegations set forth in Paragraph 20 and demands strict proof thereof.

21.    Defendant denies the allegations set forth in Paragraph 21 and demands strict proof thereof.

22.    Defendant denies the allegations set forth in Paragraph 22 and demands strict proof thereof.

## COUNT II

23.    Defendant Hyatt incorporates by reference all defenses and restates its responses to the averments contained in Paragraphs 1 through 23 of the Complaint and deny each and every allegation set forth in the unnumbered paragraph preceding Paragraph 23 of the Complaint.

24.    Defendant denies the allegations set forth in Paragraph 24 and demands strict proof thereof.

25.    Defendant denies the allegations set forth in Paragraph 25 and demands strict proof thereof.

3

153808-1

26.     Defendant denies the allegations set forth in Paragraph 26 and demands strict proof thereof.

27.     Defendant denies the allegations set forth in Paragraph 27 and demands strict proof thereof.

28.     Defendant denies the allegations set forth in Paragraph 28 and demands strict proof thereof.

## COUNT III

29 - 32. Plaintiffs have withdrawn this Count and, therefore, no response is required.

## COUNT IV

33.     Defendant Hyatt incorporates by reference all defenses and restates its responses to the averments contained in Paragraphs 1 through 32 of the Complaint and deny each and every allegation set forth in the unnumbered paragraph preceding Paragraph 32 of the Complaint.

34.     Defendant denies the allegations set forth in Paragraph 34 and demands strict proof thereof.

35.     Defendant denies the allegations set forth in Paragraph 35 and demands strict proof thereof.

36.     Defendant denies the allegations set forth in Paragraph 36 and demands strict proof thereof.

## COUNT V

37.     Defendant Hyatt incorporates by reference all defenses and restates its responses to the averments contained in Paragraphs 1 through 36 of the Complaint and deny each and

153808-1

every allegation set forth in the unnumbered paragraph preceding Paragraph 36 of the Complaint.

38.     Defendant denies the allegations set forth in Paragraph 38 and demands strict proof thereof.

39.     Defendant is without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations set forth in Paragraph 39; and accordingly denies the same and demands strict proof thereof.

40.     The allegations set forth in Paragraph 40 state legal conclusions and, therefore, require no response by Defendant.

41.     Plaintiffs' allegations concerning the right to public accommodations are legal conclusions requiring no response by Defendant; Defendant denies the remaining allegations set forth in Paragraph 38 and demands strict proof thereof.

42.     Defendant denies the allegations set forth in Paragraph 42 and demands strict proof thereof.

43.     Defendant denies the allegations set forth in Paragraph 43 and demands strict proof thereof.

WHEREFORE, Defendant Hyatt requests that this Court dismiss Plaintiffs' Complaint and award to it further relief that the Court deems appropriate.

## COUNT VI

44-46.  This Count has been dismissed pursuant to the Court's Order of June 30, 2006. Accordingly, no response is required.

5

153808-1

## COUNT VII

47-50.  This count has been revised into a prayer for relief pursuant to the Court's Order of June 30, 2006. To the extent that a response is required, the allegations of these paragraphs are denied.

## AFFIRMATIVE DEFENSES

COMES NOW, Defendant, HYATT CORPORATION ("HYATT), by and through counsel, BONNER KIERNAN TREBACH & CROCIATA, LLP, and pleads the following Affirmative Defenses to Plaintiffs' Complaint:

### FIRST DEFENSE
### (Failure to State a Claim)

Plaintiffs have failed to state a claim upon which relief can be granted.

### SECOND DEFENSE
### (Statute of Limitations)

Plaintiffs' claims are barred by the applicable statute of limitations or the doctrine of laches.

### THIRD DEFENSE
### (Estoppel)

Plaintiffs' claims are barred by the doctrine of estoppel.

### FOURTH DEFENSE
### (Failure to Exhaust Administrative Remedies

Plaintiffs' have failed to exhaust their administrative remedies.

### FIFTH DEFENSE
### (Statute of Frauds)

Plaintiffs' claims are barred by the Statute of Frauds.

153808-1

## SIXTH DEFENSE
### (Waiver)

Plaintiffs' claims are barred by the doctrine of waiver.

## SEVENTH DEFENSE
### (Non-Discriminatory Action)

Defendant asserts that all actions taken by this Defendant were for legitimate, non-discriminatory business reasons.

## EIGHTH DEFENSE
### (Failure of Consideration)

Plaintiffs' claims are barred for lack of consideration.

## NINETH DEFENSE
### (Breach of Contract)

Plaintiffs' claims are barred by their own breach of contract.

## TENTH DEFENSE
### (Failure to Mitigate Damages)

Plaintiffs have failed to take due and appropriate care in the mitigation of their alleged injuries and damages and their recovery from Defendant Hyatt is, therefore, barred in whole or in part.

## ELEVENTH DEFENSE
### (Economic Loss)

Plaintiffs' tort claims are barred by the doctrine of economic loss.

## TWELTH DEFENSE
### (Exclusions)

The relief Plaintiffs seek is barred in whole or in part by specific exclusions in the contract alleged.

153808-1

## THIRTHEENTH DEFENSE
### (Privity)

Defendant alleges that some of the Plaintiffs were not in privity to any alleged contract with Defendant and therefore have no legal remedy against this Defendant.

## FOURTEENTH DEFENSE
### (Failure to Comply)

The relief Plaintiffs seek is barred by Plaintiffs' failure to comply with conditions precedent.

## FIFTEENTH DEFENSE
### (Reservation of Affirmative Defenses)

Defendant Hyatt states that it intends to rely on other affirmative defenses which may become available or apparent during discovery, and hereby reserves the right to amend this Answer to assert such defenses.

Respectfully submitted,

BONNER KIERNAN TREBACH & CROCIATA, LLP

Christopher E. Hassell, Esquire #291641
1233 20th Street, N.W., 8th Floor
Washington, D.C. 20036
(202) 712-7000
**Counsel for Hyatt Corporation**

8

153808-1

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing **Hyatt Corporation's Answer and**

**Affirmative Defenses** was served electronically this 17th day of July, 2006 on:

Harold E. Brazil, Esquire
1828 L Street, NW
Suite 500
Washington, DC  20036

_____
Christopher E. Hassell, Esquire

9

153808-1